J-S45003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHANE M. HERBERT, | |
| Appellant | No. 1928 MDA 2014 |

Appeal from the PCRA Order October 10, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000337-2009

BEFORE: BOWES, WECHT, AND FITZGERALD* JJ.

MEMORANDUM BY BOWES, J: **FILED JULY 06, 2015**

Shane M. Herbert appeals from the October 10, 2014 order denying him PCRA relief. We affirm.

On November 9, 2009, based upon the following evidence, Appellant was convicted by a jury of driving under the influence of alcohol, incapable of safe driving, driving under the influence of alcohol by a minor, and homicide by vehicle:

> On August 30, 2008, at approximately 10:30 a.m., appellant was traveling northbound on Route 115 when he struck the victim's vehicle head-on, resulting in the victim's death. Appellant was driving a blue Dodge pick-up truck and the victim, Michael J. Coffee ("Coffee"), was driving a Eldorado convertible. Route 115 is a two-lane road with one lane for each direction of travel. Appellant was traveling northbound in the southbound lane, in a no-passing zone, when he struck Coffee's vehicle. Appellant admitted to an investigating police officer that he had been drinking and subsequent testing revealed a blood alcohol

---

* Former Justice specially assigned to the Superior Court.

concentration ("BAC") of .139, well in excess of the legal limit. As appellant was 19 years of age at the time of the accident, the relevant legal limit was .02 BAC.

***Commonwealth v. Herbert***, 24 A.3d 451 (Pa.Super. 2011 (unpublished memorandum at 1-2).

On January 8, 2010, Appellant was sentenced to four to eight years imprisonment, and we affirmed on direct appeal. ***Id***. Our Supreme Court denied allowance of appeal on September 12, 2011. ***Commonwealth v. Herbert***, 29 A.3d 371 (Pa. 2011). Appellant filed a timely PCRA petition, counsel was appointed, counsel filed a supplemental PCRA petitions, and, after the conduct of a PCRA hearing, relief was denied. We affirmed on appeal. ***Commonwealth v. Herbert***, 87 A.3d 372 (Pa.Super. 2013), *petition for allowance of appeal denied*, 87 A.3d 815 (Pa. 2014).

On March 25, 2014, Appellant filed his present PCRA petition, which was dismissed on the basis that it was untimely. This appeal followed. Appellant presents this contention on appeal:

> 1. Did the Trial Court err in failing to award a new trial where PCRA counsel rendered ineffective assistance of counsel for failing to properly raise the issue of trial counsel[']s ineffective assistance of counsel, where trial counsel failed to object and request [a] supplemental instruction as to the culpability requirement of criminal negligence as required by homicide by vehicle while driving under the influence?

Appellant's brief at 2.

Initially, we outline the applicable principles regarding our review of the PCRA court's determinations herein:

An appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Freeland*, 106 A.3d 768, 775 (Pa.Super. 2014) (citation omitted).

All PCRA petitions must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). If the petition is untimely, we lack jurisdiction. *Commonwealth v. Callahan*, 101 A.3d 118 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id*. at 122 (quoting 42 Pa.C.S. § 9545(b)(3)). Herein, since he did not file for review in the United States Supreme Court, Appellant's judgment of sentence became final on December 11, 2011, ninety days after our Supreme Court's September 12, 2011 decision denying Appellant's petition for allowance of appeal. Appellant had until December 11, 2012 to file a timely PCRA petition, and his March 25, 2014 petition was untimely.

There are three exceptions to the one-year time bar: when the government has interfered with the defendant's ability to present the claim, when the defendant has recently discovered the facts upon which his PCRA

claim is predicated, or when either our Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S. § 9545(b)(1)(i-iii). ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa.Super. 2012) ("There are three exceptions to this [one-year] time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right."). The defendant has the burden of pleading and proving the applicability of any exception. 42 Pa.C.S. § 9545(b)(1).

Appellant avers that prior PCRA counsel was ineffective for failing to litigate his present claim in the prior PCRA proceeding. It is beyond cavil in this Commonwealth that "[a]llegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa.Super. 2007). Additionally, Appellant has failed to acknowledge that his petition is untimely, much less invoke any exception. Hence, we lack jurisdiction to entertain the merits of Appellant's present contention, and PCRA relief properly was denied.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/6/2015</u>