J. S40009/15

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA   :       IN THE SUPERIOR COURT OF
                                           :               PENNSYLVANIA

                          v.                         :

                                           :

JONATHAN R. THOMAS,             :         No. 1090 WDA 2014
                                           :

                Appellant         :


Appeal from the PCRA Order, June 13, 2014,
in the Court of Common Pleas of Washington County
Criminal Division at No. CP-63-CR-0001619-1995


BEFORE: FORD ELLIOTT, P.J.E., DONOHUE AND STRASSBURGER,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED OCTOBER 08, 2015**

Jonathan R. Thomas appeals from the order of the Court of Common Pleas of Washington County which dismissed, without a hearing, his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On December 11, 1994, appellant entered an A-Plus Mini Market on McMurray Avenue in Peters Township, pointed a shotgun at the clerk, and demanded money. After the clerk handed appellant $283, appellant raised the shotgun and attempted to fire the weapon. The weapon did not fire initially. Appellant then adjusted the weapon and fired again, this time hitting the clerk and causing his death. During the pendency of the case, appellant signed a release in November of 1996 for his trial counsel to obtain medical and mental health records. His counsel retained a psychiatrist to

---

* Retired Senior Judge assigned to the Superior Court.

examine appellant's records and conduct other investigations related to his mental health. On November 21, 1996, that expert, Dr. Lawson Bernstein, prepared a report which indicated that appellant's substantive cognitive impairments may have impaired his ability to form specific criminal intent at the time of the alleged homicide.

The Commonwealth sought a first-degree murder conviction and the death penalty, but allowed appellant to plead guilty to murder in the second degree and robbery.[1] Prior to entering his plea, appellant and his trial counsel completed and signed a written guilty plea colloquy and explanation of rights form. The trial court conducted an oral colloquy of appellant in open court, and noted that defense counsel "worked diligently on a diminished capacity [defense.]" (Plea and sentencing transcript, 3/3/97 at 30.) After entering his plea of guilty, the trial court sentenced appellant to the statutory penalty of life imprisonment without the possibility of parole.

On March 25, 1997, appellant appealed from the judgment of sentence and alleged that his guilty plea was invalid because his mental condition rendered him incapable of entering a plea. He also alleged that his guilty plea was invalid because the trial court accepted his plea without first holding a competency hearing. This court denied appellant's appeal on April 16, 1998. **Commonwealth v. Thomas**, No. 641 Pittsburgh 1997, unpublished memorandum (Pa.Super. filed April 16, 1998). We found

---

[1] 18 Pa.C.S.A. §§ 2502(b) and 3701(a)(1), respectively.

appellant competent because he understood the nature and objective of the proceedings against him, he cooperated with his legal representation in preparing his defense, and he was involved in the plea negotiations. Nothing in the record indicated that appellant did not knowingly, voluntarily, and intelligently enter a guilty plea. Appellant filed a timely petition for allowance of appeal which the supreme court denied on November 9, 1998.

On November 4, 1999, appellant filed a ***pro se*** petition for post-conviction relief alleging constitutional violations and ineffective assistance of counsel. The PCRA court appointed Michael Savona, Esq. to represent appellant. (Docket #57.) The court allocated $500 to retain a psychological expert to review the records relative to appellant's mental health history. (Docket #61.) On May 3, 2005, Attorney Savona filed a "No Merit" letter; and on May 23, 2005, the PCRA court issued appellant a notice of its intent to dismiss the petition without a hearing. Appellant then hired John Ceraso, Esq. On June 13, 2005, Attorney Ceraso filed a motion for leave to file an amended PCRA petition. (Docket #64.) The PCRA did not rule on that motion, and Attorney Ceraso took no further action on appellant's behalf.

Nothing happened in the case until February 20, 2009, when appellant, through new counsel, Mark Rubenstein, Esq., filed an amended PCRA petition raising three issues. Appellant claimed trial counsel failed to present psychiatric evidence that would have provided a defense to the

murder charge. Appellant claimed he suffered from psychological problems that prevented him from forming the requisite *mens rea* to commit an intentional murder. He also alleged discovery of new evidence; namely, the recantation of an eyewitness whose statements induced him to enter his guilty plea. On April 1, 2009, the PCRA court issued a notice of its intent to dismiss the petition without a hearing. (Docket #68.) Appellant responded. On May 27, 2009, the PCRA court denied and dismissed appellant's PCRA petition. Appellant appealed to this court and argued, among other things, that trial counsel was ineffective for failing to investigate the possibility of a mental health defense. On June 8, 2010, this court affirmed. *Commonwealth v. Thomas*, No. 1108 WDA 2009, unpublished memorandum (Pa.Super. filed June 8, 2010). We found the underlying issue to be without merit because the record demonstrated that there was a mental health evaluation prior to trial and that trial counsel considered appellant's mental health; however, trial counsel concluded that the certainty of accepting the plea bargain and avoiding the death penalty outweighed the presentation of diminished mental capacity as a strategic matter.

On March 21, 2014, new counsel, Neil Jokelson, Esq., entered his appearance on behalf of appellant. On April 30, 2014, appellant filed the second PCRA petition at issue here. Appellant alleged that trial counsel was ineffective because counsel was aware, based on psychiatric treatment

records and expert reports prepared by defense counsel and the Commonwealth, of appellant's significant history of mental illness. He argued that neither appellate counsel nor PCRA counsel attacked trial counsel's failure to advise appellant that he could enter or attempt to enter a plea of guilty but mentally ill pursuant to 18 Pa.C.S.A. § 314(b). Appellant argued that had he pled guilty but mentally ill, he would have been entitled to psychiatric treatment while serving his life sentence in accordance with the Mental Health Procedures Act, 50 P.S. § 7101-7503. 42 Pa.C.S.A. § 9727(b)(1); *see also Commonwealth v. Trill*, 543 A.2d 1106, 1132 (Pa.Super. 1988), *appeal denied*, 562 A.2d 826 (Pa. 1989). Appellant requested an evidentiary hearing to determine if he:

> was eligible to tender a plea of guilty but mentally ill at the time he tendered his guilty plea and with a further instruction that if it is determined that appellant was so eligible he should be allowed to withdraw his pleas of guilty and in their stead enter pleas of guilty but mentally ill.

Appellant's reply brief at 4-5.

On May 21, 2014, the PCRA court notified appellant of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907(1). The PCRA court concluded it did not have jurisdiction to hear appellant's petition because it was not filed within one year of the date the judgment became final. 42 Pa.C.S.A. § 9545(b)(3). Specifically, the window for appellant to file a PCRA petition closed on November 9, 1999. The instant petition was filed on April 30, 2014. The PCRA court found that

none of the exceptions to the one-year filing rule applied.  ***Commonwealth***

***v. Lawson***, 549 A.2d 107 (Pa. 1988).

On appeal, appellant raises the following three issues:

> (1) DID THE COURT BELOW HAVE JURISDICTION TO HEAR THE APPELLANT'S COUNSELED PETITION FOR POST CONVICTION RELIEF WHICH WAS FILED MORE THAN ONE YEAR AFTER THE DATE THAT THE JUDGMENTS OF SENTENCE BECAME FINAL, BUT THE FACTS WHICH THE CLAIM FOR RELIEF AS SET FORTH IN THE INSTANT PCRA WERE UNKNOWN TO THE APPELLANT AND WERE NOT ASCERTAINABLE BY HIM THROUGH THE EXERCISE OF DUE DILIGENCE AS EXPLAINED IN THE PCRA PETITION?

> (2) DID THE COURT BELOW ERR IN DISMISSING THE'S [sic] PCRA PETITION, WITHOUT THE HOLDING OF AN EVIDENTIARY HEARING ON THE BASIS THAT ALL OF THE ISSUES RAISED IN THE INSTANT PCRA "HAVE BEEN PREVIOUSLY LITIGATED OR WAIVED" WHEN THEY WERE NOT?

> (3) DID THE COURT BELOW ERR IN STATING THAT ". . . THIS COURT WILL NOT ENTERTAIN THE INSTANT PCRA PETITION BECAUSE A STRONG PRIMA FACIE SHOWING HAS NOT BEEN MADE THAT A MISCARRIAGE OF JUSTICE HAS OCCURRED . . ." WHEN IN FACT THERE EXISTS A COMPELLING PUBLIC POLICY, LEGISLATIVELY ADOPTED, THAT A PERSON IN APPELLANT'S POSITION WHO WAS DENIED MENTAL HEALTH TREATMENT PURSUANT TO THE MENTAL HEALTH PROCEDURES ACT *VIA* A PLEA OF GUILTY BUT MENTALLY ILL HAS BEEN FUNDAMENTALLY HARMED RESULTING IN A MISCARRIAGE OF JUSTICE?

Appellant's brief at 2-3.

All PCRA petitions must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). If the petition is untimely, we lack jurisdiction. *Commonwealth v. Callahan*, 101 A.3d 118 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and our Pennsylvania Supreme Court, or at the expiration of time for seeking the review." *Id.* at 122, quoting 42 Pa.C.S.A. § 9545(b)(3). In this case, we affirmed appellant's sentence on April 16, 1998. Appellant timely petitioned for *allocatur* which was denied on November 9, 1998. United States Supreme Court Rule 13 provides that "[a] petition for writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when filed with the Clerk within 90 days after entry of the order denying discretionary review." U.S. Sup.Ct. Rule 13, 28 U.S.C.A. Under this rule, appellant had 90 days (i.e., until February 7, 1999) to file a petition for *certiorari* in the United States Supreme Court with respect to the Pennsylvania supreme court's order. Thus, appellant's judgment became final on February 7, 1999. 42 Pa.C.S.A. § 9545(b)(3). *See also Commonwealth v. Owens*, 718 A.2d 330 (Pa.Super. 1998). Under 42 Pa.C.S.A. § 9545(b)(1), appellant had one year from this date, until February 7, 2000, to file his PCRA petition; and his

present one, which was filed on April 30, 2014, failed to satisfy that time limitation.

There are three exceptions to the one-year time bar: when the government has interfered with the defendant's ability to present the claim, when the defendant has recently discovered the facts upon which his PCRA claim is predicated, or when either the Supreme Court of the United States or our supreme court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); ***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa.Super. 2012). The defendant has the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1).

Appellant seeks to withdraw his guilty plea based upon his mental health issues and the fact that he was not advised that he could enter or attempt to enter a guilty but mentally ill plea. This claim does not satisfy any exception to the PCRA. All these facts were within appellant's knowledge as of the date his judgment of sentence was imposed. Appellant and his counsel could have ascertained this allegedly new information before the PCRA window closed on February 7, 2000. Given the numerous arguments appellant has made since entering his guilty plea regarding the invalidity of his plea due to his mental illness, appellant and his various counsel have had ample opportunity to ascertain and argue that his trial counsel failed to inform him of his option to plead guilty but mentally ill.

Appellant's counsel for his direct appeal and prior PCRA counsel knew enough about appellant's mental illness to argue in those proceedings that appellant's plea was invalid due to his diminished mental capacity. Therefore, they were certainly able to discover and argue that trial counsel failed to advise appellant of his option to plead guilty but mentally ill before his PCRA window closed in February 2000.[2]

Our independent review of the record confirms that appellant's averments in his PCRA petition do not afford him relief. Hence, we concur in the PCRA court's analysis that there is no merit to his request for PCRA relief. The PCRA court did not abuse its discretion in dismissing appellant's second PCRA petition as untimely. Because we find the PCRA petition was untimely, we need not address appellant's remaining two substantive issues.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/08/2015

---

[2] We also note that appellant's argument assumes, without analysis, both the viability of this plea agreement and its omission as adversely affecting him. A plea of guilty but mentally ill is not a matter of right. Such a plea agreement in this case would have required both the consent of the Commonwealth and the approval of the court. Pa.R.Crim.P. 590(A)(3). **See Commonwealth v. Brandwein**, 10 Pa. D. & C. 5th 13 (Carbon Cty. 2009).