J. S63005/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                 :          PENNSYLVANIA
          v.           :
                 :
JHONNATTAN E. PAREDES,       :        No. 1743 EDA 2015
                 :
          Appellant     :

Appeal from the PCRA Order, May 29, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0011767-2011,
CP-51-CR-0011768-2011, CP-51-CR-0011769-2011,
CP-51-CR-0013063-3011, CP-51-CR-0013064-2011

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED SEPTEMBER 20, 2016**

Jhonnattan E. Paredes appeals from the order filed in the Court of

Common Pleas of Philadelphia County which dismissed, without a hearing,

his petition filed pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9546.  Because we agree with the PCRA court that

appellant's facially untimely petition failed to establish a statutory exception

to the one-year jurisdictional time limit for filing a petition under the PCRA,

we affirm.

The PCRA court set forth the following:

> On December 27, 2011, [appellant] appeared
> before this court to enter a negotiated guilty plea to

---

* Former Justice specially assigned to the Superior Court.

five counts of robbery.[1]  The court conducted an extensive colloquy before [appellant] accepted a plea deal of 6-12 years of incarceration.  [Appellant] stated that he was satisfied with counsel and that the only promise made to him was a negotiated sentence of 6-12 years of incarceration.  On January 26, 2012, this court imposed the negotiated sentence.  On May 28, 2013, [appellant] filed a pro se PCRA petition, more than a year after his judgment of sentence became final.  Then on November 5, 2014, PCRA counsel filed an amended petition, which asserted an exception to the time bar because of the discovery of new evidence:  that on July 5, 2012, then Governor Tom Corbett signed SB 100, Act 122, which prohibited pre-release.

PCRA court opinion, 12/23/15 at 1-2.

Appellant raises two issues for our review:

  I.  Whether the court erred in denying the [a]ppellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

  II.  Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

Appellant's brief at 8.

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final.  42 Pa.C.S.A. § 9545(b)(1).  "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound. ***Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. ***Commonwealth v. Callahan***, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); ***see also Commonwealth v. Wharton***, 886 A.2d 1120 (Pa. 2005).

Here, the trial court sentenced appellant on January 26, 2012. Appellant failed to file a direct appeal to this court, and consequently, appellant's judgment of sentence became final on February 27, 2012, 30 days after imposition of sentence and the time for filing a direct appeal expired.[2] ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; ***Commonwealth v. Cintora***, 69 A.3d 759, 763 (Pa.Super. 2013). Therefore, appellant's petition, filed May 28, 2013, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

---

[2] We note that the 30th day after the trial court sentenced appellant was February 25, 2012, but February 25, 2012, was a Saturday. ***See*** 1 Pa.C.S.A. § 1908 (requiring that when the last day of a statutory period falls on Saturday or Sunday, such day shall be omitted from the time computation).

Those three narrow exceptions to the one-year time bar are: when the government has interfered with the appellant's ability to present the claim, when the appellant has recently discovered facts upon which his PCRA claim is predicated, or when either the Pennsylvania Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); ***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa.Super. 2012). The appellant bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If an appellant fails to invoke a valid exception to the PCRA time bar, this court may not review the petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, in his brief on appeal before this court, appellant does not identify which exception to the PCRA time bar he alleges applies. Rather, he baldly asserts, "[a]ppellant now files this instant PCRA petition pursuant to the exception to the timeliness requirement." (Appellant's brief at 21.) He then sets forth the following in an effort to circumvent the time bar:

> Governor Tom Corbett passed SB 100, Act 122, which prohibited pre-release. This Bill was signed into law on July 5, 2012. Appellant did not learn of this until April 2013 when he had a conversation with his counselor as to when his minimum date was up. His attorney never advised him that the law had been changed. He filed the instant PCRA as soon as he learned of the change in law.

***Id.***

Appellant has entirely failed to carry his burden of pleading and proving that an exception to the time bar applies. Not only has he failed to identify which narrow exception or exceptions he claims would apply, he has entirely failed to set forth any legal support for his claim that his untimeliness should be excused because he learned of a change in the law and filed his amended PCRA petition as soon as he gained knowledge of that change. We suspect appellant has failed to do so because no legal support exists for that proposition. We note, however, that to the extent that appellant contends his learning of a change in the law constitutes a recently discovered fact, our supreme court, in **Commonwealth v. Watts**, 23 A.3d 980, 986-987 (Pa. 2011), expressly cautioned against confusing the concepts of "fact" and "law" and rejected the notion that a law can be considered a newly discovered fact capable of invoking the protections afforded by the PCRA's after-discovered facts exception.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2016

- 5 -