J-S08021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OSCAR EUGENE BROWN, | |
| Appellant | No. 888 WDA 2017 |

Appeal from the PCRA Order dated June 5, 2017,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0002628-2005 &
CP-02-CR-0004588-2005.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.*

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MARCH 9, 2018**

Appellant, Oscar Eugene Brown, appeals from the order denying as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The pertinent facts and partial procedural history have been summarized as follows:

> On March 27, 2006, following a three-day trial, a jury found Appellant guilty of criminal homicide, criminal attempt, aggravated assault, carrying a firearm without a license, burglary, recklessly endangering another person, criminal conspiracy, and two counts of possession of a controlled substance.  The conviction stems from a January 12, 2005, confrontation during which Appellant and his co-defendant, shot Christopher Martine and Joshua Woy, killing Mr. Martine and seriously injuring Mr. Woy.  On June 26, 2006, the trial court imposed an aggregate sentence of life imprisonment.  Appellant filed a direct appeal and this Court affirmed the judgment of sentence on December 27, 2007.

*Former Justice specially assigned to the Superior Court.

(**See Commonwealth v. Brown**, 945 A.2d 757 (Pa. Super. 2007) (unpublished memorandum)).  Appellant did not file a petition for allowance of appeal in our Supreme Court.

On November 6, 2008, Appellant filed a first counseled PCRA petition.  The PCRA court held a hearing on June 30, 2009, and issued an order denying the petition on July 29, 2009.  Appellant appealed from the order to this Court, but subsequently withdrew the appeal.

On March 22, 2010, Appellant filed [a] second counseled PCRA petition.  The PCRA court held a hearing on the petition on June 21, 2012.  On January 22, 2013, the court issued an order denying Appellant's petition.  On February 15, 2013, Appellant filed a timely notice of appeal.

On March 9, 2013, in accordance with [Pa.R.A.P.] 1925(b), the PCRA court entered an order requiring Appellant to file a concise statement of errors no later than May 7, 2013.  The order stated:  "[A]ppellant is notified that any issue not properly included in the Statement timely filed and served pursuant to [Pa.R.A.P.] 1925(b) shall be deemed waived."  On March 26, 2013, Appellant's former counsel, Thomas J. Farrell, Esq., filed a petition for leave to withdraw because Appellant had retained [new] counsel, Ralph D. Karsh, Esq.  On April 2, 2013, [Superior] Court issued a *per curiam* order noting Mr. [Karsh's] entry of appearance in this case and excusing Mr. Farrell from representation.  On May 7, 2013, Appellant, through counsel, filed a motion requesting a one-week extension of time to file the Rule 1925(b) statement.  On that same date, the PCRA court entered an order granting Appellant's motion, and directed him to file the statement "no later than May 31, 2013."  On June 7, 2013, Appellant, through counsel, filed an untimely Rule 1925(b) statement.  The trial court filed a Rule 1925(a) opinion on December 4, 2013, addressing the issues raised in Appellant's untimely statement.

**Commonwealth v. Brown**, 319 WDA 2013, unpublished memorandum at 1-3 (citations and footnotes omitted).

On November 6, 2014, this Court, citing controlling precedent, concluded that, Appellant's failure to file a timely Rule 1925(b) statement

resulted in waiver of these claims. *See Brown*, unpublished memorandum at 7. We therefore affirmed the order denying post-conviction relief. *Id.* at 8. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on July 15, 2015.

On October 2, 2015, Appellant filed the PCRA at issue, his third. The Commonwealth filed its answer to the petition on March 28, 2016. On May 1, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition for lack of jurisdiction. Appellant filed his response on May 21, 2017. By order entered June 5, 2017, the PCRA court dismissed Appellant's third PCRA petition as untimely. This timely appeal follows. The PCRA court did not require Pa.R.A.P. 1925 compliance.

On appeal, Appellant claims that the PCRA court erred in dismissing his latest PCRA petition as untimely. Thus, we must determine whether the PCRA court correctly determined that Appellant's serial petition for post-conviction relief was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment

is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S. sections 9545(b)(1)(i), (ii), and (iii), is met.[1]   42 Pa.C.S. § 9545.  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented."  **See Hernandez**, 79 A.3d 651-52 (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2).

Appellant did not file a petition for allowance of appeal to the Pennsylvania Supreme Court after we affirmed his judgment of sentence on December 27, 2007.  Thus, for purposes of the time restrictions of the PCRA, Appellant's judgment of sentence became final on or about January 28, 2008, after the thirty-day period for requesting such relief expired.  **See** 42 Pa.C.S. § 9545(b)(3).  Therefore, Appellant needed to file the PCRA petition at issue

---

[1] The exceptions to the timeliness requirement are:

> (I) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

by January 28, 2009, in order for it to be timely. As Appellant filed the instant petition on October 2, 2015, it is untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

Appellant has failed to prove any exception to the PCRA's time bar. Rather, he argues that Pennsylvania should adopt the "stay and abey" approach to post-conviction petition adopted by the federal courts. According to Appellant:

> [H]e had or should have had ninety (90) more days as his appeal of his second PCRA was still pending for ninety (90) days after July 15, 2015, the date the Pennsylvania Supreme Court denied allowance of appeal in Appellant's second PCRA. A timely filed Petition of Writ of Certiorari could have been filed during those ninety (90) days. When further review can be sought from an appellate court, a matter is still pending. Appellant [filed] the third PCRA during those ninety (90) days and the matter should have been considered stayed during that period of time.

Appellant's Brief at 11. He further argues "whether or not this is the law he asserts that it should be." *Id.* at 13. We disagree.

Appellant's reliance upon *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000), is misguided, as that case actually supports the opposite result. In *Lark*, the Pennsylvania Supreme Court specifically held:

> [W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest *state* court in which review is sought or upon the expiration of the time for seeking such review. If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must

> plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S. § 9545(b)(1) applies. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first "date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

*Lark*, 746 A.2d at 588 (emphasis added).

The above language—which is binding on this Court—clearly establishes that "final order which finally resolves the previous petition," refers to the "highest state court," that is, the Pennsylvania Supreme Court.

Appellant argues, "the law set forth in *Lark* should be brought into line with the law that applies when determining when a judgment of sentence becomes final, for purpose of determining whether a PCRA petition was timely filed." Appellant's Brief at 15. The determination of sentence finality, however, does not consider the filing of serial PCRA petitions. As this Court has stated:

> In fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. Thus, the plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review, even if other collateral proceedings are still pending.

See *Commonwealth v. Callahan*, 101 A.3d 118, 122 (Pa. Super. 2014).

Moreover, to the extent Appellant deems his claim "an equitable argument," we note that case law establishes no equitable tolling. *See Commonwealth v. Smallwood*, 155 A.3d 1054, 1059 (Pa. Super. 2017) (explaining statutory time period for filing PCRA petition is not subject to the

- 6 -

doctrine of equitable tolling; rather, the time for filing can be extended only if the PCRA statute permits it to be extended by operation of one of the enumerated exceptions to the PCRA's time-bar).

Here, the PCRA correctly applied the **Lark** holding to conclude that Appellant had sixty days from the date the Pennsylvania Supreme Court denied allowance of appeal with regard to his second PCRA petition, to file his third petition. Because Appellant filed his third petition, in which he alleged newly discovered evidence of ineffective assistance of prior counsel, seventy-nine days after the high court denied allowance of appeal, the PCRA court lacked jurisdiction to consider the merits of the petition.[2] We therefore affirm its order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2018

---

[2] In reaching our decision, we note that this Court is currently considering whether **Lark** prevents the PCRA court from considering a subsequently filed PCRA petition, when a prior petition remains pending. **See Commonwealth v. Montgomery**, 938 WDA 2016; J-E02005-17.