J. S06034/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANTHONY JENNINGS, | : | No. 2907 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, August 25, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0506581-2004

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MARCH 22, 2019**

Anthony Jennings appeals ***pro se*** from the August 25, 2017 order entered in the Court of Common Pleas of Philadelphia County that dismissed, without a hearing, his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The record reflects that appellant was convicted in a waiver trial of rape, statutory sexual assault,[1] and related offenses.  On April 24, 2007, the trial court sentenced appellant to an aggregate term of imprisonment of 8 to 16 years, followed by a 10-year probationary term.  On July 28, 2008, this court affirmed appellant's judgment of sentence.  ***Commonwealth v. Jennings***, No. 1986 EDA 2007, unpublished memorandum (Pa.Super. filed

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1) and 3122.1(b), respectively.

July 28, 2008). On April 13, 2009, appellant filed a counseled PCRA petition, which the PCRA court ultimately dismissed.

On July 31, 2015, appellant filed the PCRA petition which is the subject of this appeal. On July 19, 2017, the PCRA court filed its notice of intent to dismiss pursuant to Pa.R.Crim.P. Rule 907. Appellant filed a timely objection. On August 25, 2017, the PCRA court entered its order denying appellant PCRA relief.

Appellant filed a timely notice of appeal to this court. The PCRA court then ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. Thereafter, the PCRA court filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

> I.    Did the [PCRA c]ourt err in denying the [PCRA p]etition without a hearing by misapprehending the retrospective application in **Commonwealth v. Hopkins**, 117 A.3d 247 (2015) when it's [sic] paradigm, **Alleyne v. United States**, [570 U.S. 99] (2013)[,] created a "substantive rule," which "the Constitution requires State Collateral Review Courts to give retroactive effect to that rule?"

> II.   Did the [PCRA c]ourt err in denying the [PCRA p]etition without a hearing when [appellant] filed the instant [PCRA] Petition timely by filing within sixty (60) days of learning of the Supreme Court of Pennsylvania's decision in **Commonwealth v. Hopkins**, 117 A.3d 247 (2015)?

> III.  Did the [PCRA c]ourt err in denying the [PCRA p]etition without a hearing when [appellant]

> contends that through the [PCRA c]ourt's inherent power, the [PCRA c]ourt always retains jurisdiction to correct his patently unconstitutional, and therefore illegal sentence?

Appellant's brief at 4.

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Supreme Court of Pennsylvania has held that the PCRA's time restriction is constitutionally sound. *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. *Commonwealth v. Callahan*, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); *see also Commonwealth v. Wharton*, 886 A.2d 1120 (Pa. 2005).

Here, this court affirmed appellant's judgment of sentence on July 28, 2008. The record reflects that appellant did not seek discretionary review of this court's decision by our supreme court. Consequently, appellant's judgment of sentence became final on August 27, 2008, at the expiration of time for seeking discretionary review by our supreme court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903; *Commonwealth v. Cintora*, 69 A.3d 759, 763

(Pa.Super. 2013). Therefore, appellant's petition, filed July 31, 2015, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time-bar are: when the government has interfered with the petitioner's ability to present the claim, when the appellant has recently discovered facts upon which his PCRA claim is predicated, or when either the Supreme Court of Pennsylvania or the Supreme Court of the United States has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); **Commonwealth v. Brandon**, 51 A.3d 231, 233-234 (Pa.Super. 2012). The petitioner bears the burden of pleading and proving the applicability of any exception. 42 Pa.C.S.A. § 9545(b)(1). If a petitioner fails to invoke a valid exception to the PCRA time-bar, this court may not review the petition. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii).

Here, appellant attempts to invoke the timeliness exception of 42 Pa.C.S.A. § 9545(b)(1)(iii) relating to a new constitutional right that applies retroactively. Specifically, appellant contends that his sentence was illegal pursuant to **Alleyne v. United States**, 570 U.S. 99 (2013), and **Commonwealth v. Hopkins**, 117 A.2d 247 (Pa. 2014), which appellant claims "provides implied retroactivity due to the requirements of stare decisis, the void ab initio doctrine eliminates the statute found at 42 Pa.C.S.A.

- 4 -

§ 9717." (Appellant's brief at 24.) Even assuming that appellant met his initial burden of showing that he raised his claim within 60 days of the date the claim could have first been presented,[2] appellant is incorrect in his assertion that he has satisfied the new constitutional right exception to the time-bar.

In **Alleyne**, the United States Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt. **Alleyne**, 570 U.S. at 116. To support his **Alleyne** claim, appellant cites to 42 Pa.C.S.A. § 9717. Section 9717, however, is not applicable because that statute addresses sentences for offenses committed against the elderly, and appellant was sentenced for sexual offenses he committed against a minor when that minor was 9 and 11 years old. **Jennings**, No. 1986 EDA 2007 at 1. Nevertheless, even assuming that appellant received an increased mandatory minimum sentence that would implicate **Alleyne** on direct appeal or in the context of a timely PCRA petition, our supreme court has held that "**Alleyne** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition

---

[2] The 60-day rule applicable to appellant's claim was codified at 42 Pa.C.S.A. § 9545(b)(2) and required that "[a]ny petition invoking a exception . . . shall be filed within 60 days of the date the claim could have been presented." A 2018 amendment to Section 9545(b)(2) substituted "within one year" for "within 60 days." The effective date of the amendment is December 24, 2018, and the amendment applies to claims arising one year before the effective date or thereafter. **See** Act 2018-146, § 3. Therefore, because appellant's claim arose prior to December 24, 2017, the 60-day rule applies.

. . . since **Alleyne** does not apply to cases where the judgment of sentence was final prior to **Alleyne**." **Commonwealth v. DiMatteo**, 177 A.3d 182 (Pa. 2018) (citations omitted). **Alleyne** was filed on June 17, 2013, and appellant's judgment of sentence became final prior thereto on August 27, 2008. Therefore, **Alleyne** provides no relief to appellant.

Finally, appellant's reliance on **Hopkins**, **supra**, is misplaced. In **Hopkins**, our supreme court applied **Alleyne** to affirm the unconstitutionality of 18 Pa.C.S.A. § 6317, which imposed a mandatory minimum sentence for crimes involving the sale of controlled substances near school zones. **Hopkins**, 117 A.2d at 249. Notwithstanding the fact that appellant was not charged with, convicted of, or sentenced for a crime involving the sale of controlled substances near school zones, **Hopkins** involved a direct appeal from a judgment of sentence, and the decision did not declare **Alleyne** to be retroactive in this PCRA context.

Therefore, appellant has failed to invoke a valid exception to the PCRA time-bar, the PCRA court lacked jurisdiction to review appellant's petition, and we may not review the petition on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/19