J. S66037/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROCKY G. JIMENEZ, | : | No. 1474 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order Entered April 30, 2019,
in the Court of Common Pleas of Lehigh County
Criminal Division at No. CP-39-CR-0002515-2009

BEFORE:  STABILE, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JANUARY 08, 2020**

Rocky G. Jimenez appeals ***pro se*** from the April 30, 2019 order entered in the Court of Common Pleas of Lehigh County that dismissed his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The record reflects that on March 26, 2010, appellant entered a plea of ***nolo contendere*** to third-degree murder and conspiracy to commit criminal homicide.[1]  The trial court sentenced appellant to 20 to 40 years of incarceration.  On September 2, 2011, this court affirmed appellant's judgment of sentence.  ***Commonwealth v. Jimenez***, No. 1424 EDA 2010,

---

[1] 18 Pa.C.S.A. §§ 2502(c) and 903(a)(2).

unpublished memorandum (Pa.Super. filed July 22, 2011). Appellant did not seek discretionary review with our supreme court.

Following an unsuccessful first PCRA petition, appellant filed this ***pro se*** PCRA petition, his second, on April 3, 2019. On April 9, 2019, the PCRA court filed a Pa.R.Crim.P. 907 Notice of Intent to Dismiss. Appellant filed a timely response. On April 30, 2019, the PCRA court entered an order denying appellant PCRA relief. Appellant filed a timely notice of appeal. The PCRA court did not order appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On May 31, 2019, the PCRA court entered an order that granted appellant ***in forma pauperis*** status and also attached its April 9, 2019 Rule 907 order that set forth its reasoning for dismissing appellant's PCRA petition.

Appellant raises the following issues for our review:

1) Did [appellant] qualify for the exception to the [PCRA] time requirement pursuant to 42 [Pa.C.S.A. §] 9545(b)(2)(1)(ii)[?]

2) Did the trial court lack subject matter jurisdiction to allow prosecution to a [sic] defective criminal complaint that did not meet [Pa.R.Crim.P.] 560 requirement[?]

2) Did the trial court lack jurisdiction to a Rule 590(c) proceeding when [appellant] maintained his innocence to the charges during judges [sic] colloquy for waiver of jury trial[?]

4) Did the prosecutor obtain an improper conviction by taking inconsistent positions at the separate trial of co-defendants that violated due process clause[?]

     5)   Did defense counsel's ineffectiveness, incompetency arising from a conflict of interest during representation created [sic] such an unfair trial that constitutes as if he had no attorney as violation of the [S]ixth [A]mendment[?]

Appellant's brief at iii (full capitalization omitted).

All PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The Pennsylvania Supreme Court has held that the PCRA's time restriction is constitutionally sound. **Commonwealth v. Cruz**, 852 A.2d 287, 292 (Pa. 2004). In addition, our supreme court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over the petition. **Commonwealth v. Callahan**, 101 A.3d 118, 120-121 (Pa.Super. 2014) (courts do not have jurisdiction over an untimely PCRA); **see also Commonwealth v. Wharton**, 886 A.2d 1120 (Pa. 2005).

Here, this court affirmed appellant's judgment of sentence on July 22, 2011. **Jimenez**, No. 1424 EDA 2010. Appellant did not seek discretionary review with our supreme court. Consequently, appellant's judgment of

sentence became final on August 22, 2011,[2] at the expiration of time for seeking discretionary review with our supreme court. 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 1113(a). Therefore, appellant's petition, his second, filed on April 3, 2019, is facially untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time-bar, as set forth in 42 Pa.C.S.A. § 9545(b)(1).

Those three narrow exceptions to the one-year time-bar are: when the government has interfered with petitioner's ability to present the claim, when petitioner has recently discovered facts upon which his PCRA claim is predicated, or when either the Pennsylvania Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S.A. § 9545(b)(1)(i-iii); ***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa.Super. 2012). The PCRA requires that all petitions invoking an exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[3] Petitioner bears the burden of pleading and proving the applicability of any exception.

---

[2] We note that August 21, 2011, fell on a Sunday. Therefore, appellant had until Monday, August 22, 2011, to file his petition for discretionary review with our supreme court. ***See*** 1 Pa.C.S.A. § 1908.

[3] The one-year rule applies to appellant's claim because the claim arose after December 24, 2017. ***See*** 42 Pa.C.S.A. § 9545(b)(2); ***see also*** Act 2018-146, § 3.

*Id.* at § 9545(b)(1). If a petitioner fails to invoke a valid exception to the PCRA time-bar, this court may not review the petition. *Id.* at 9545(b)(1)(i-iii).

Here, appellant attempts to invoke the new-facts exception to the one-year time-bar set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii). "[A]s an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa.Super. 2015) (citations omitted). Once jurisdiction is established, the petitioner may then present a substantive new-facts claim. *Id.* (citation omitted).

In an attempt to satisfy the jurisdictional threshold, appellant alleges that

> [on March 13, 2019, a]ppellant[']s daughter ROSEAMY JIMENEZ did discover a[n April 21, 2010] "web-cite" [sic] newsletter of an interview by chief district attorney Bethany Zampogna where she spoke on record that her office was prosecuting with evidence [that appellant's cohort's] motive to shoot the victim was in a "battle between two blocks and [appellant's cohort] wanted to be the big man on the block[.]"

Appellant's brief at 2; *see also* appellant's "response and answer to courts [sic] intent to dismiss pursuant to Rule 907," 4/29/19 at 1, ¶ 1.

Appellant's allegation that his daughter discovered this fact clearly shows that appellant failed to allege and prove that **he** exercised due diligence in discovering this fact. Therefore, appellant has failed to allege and prove an

exception to the PCRA time-bar.[4]  Consequently, the PCRA court lacked jurisdiction to review appellant's petition, and we may not review the petition on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/20

---

[4] We further note that appellant admitted his guilt in the victim's murder and the role he played in the commission of this crime.  That his cohort's motive may have been different from his own is irrelevant to appellant's guilt.