J-S53028-14

2014 PA Super 208

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| VARIAN C. CALLAHAN, | |
| Appellant | No. 273 WDA 2014 |

Appeal from the PCRA Order of January 14, 2014
In the Court of Common Pleas of Mercer County
Criminal Division at No(s): CP-43-CR-0000008-2009

BEFORE:  DONOHUE, OLSON AND PLATT,* JJ.

OPINION BY OLSON, J.:                          **FILED SEPTEMBER 23, 2014**

Appellant, Varian C. Callahan, appeals from the order entered on January 14, 2014 denying his petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court has previously summarized the factual background of this case as follows:

> On December 17, 2008, Appellant approached the victim as she was taking her three-year-old son to day care at approximately 7:20 a.m.  Appellant told the victim that he had a gun and demanded that she give him her money.  The victim did not see a weapon and informed Appellant that she did not have any money.  Appellant said that she had money in her purse or a bank account.  The victim pleaded with Appellant not to harm her or her son.  Appellant said that he would not hurt her if she turned over her money.  The victim then walked with Appellant to her vehicle, where she removed [$200.00].  Appellant fled with the money, and the victim took her son into day care and asked a teacher to call the police.

* Retired Senior Judge assigned to the Superior Court.

Police transported the victim to the police station where she provided a statement. The victim also informed police that her assailant was wearing a black winter hat, a gray coat, and had a goatee. Police broadcast this information via their police radio. During the police interview with the victim, an officer observed a person matching the description of the perpetrator, whom he identified by name as Varian Callahan. The officer interviewing the victim, Officer Ryan Chmura, then left the police station in his cruiser to investigate the potential suspect. A 911 dispatcher also relayed that there was an outstanding arrest warrant for Appellant.

Officer Chmura located Appellant walking approximately six blocks from the day care and advised him of the outstanding warrant and that he was under arrest. Appellant fled before being tackled by Officer Chmura. He and two other officers attempted to remove Appellant's hands from his front waist area while Appellant continued to resist. Police then dry stunned him with a taser. Appellant did not have a weapon or any money on his person. The dry stun occurred at 7:56 a.m., approximately one-half hour after the reported robbery. Following Appellant's arrest, Officer Chmura returned to the police station and compiled an eight person photographic array. The victim immediately identified Appellant as her attacker and subsequently identified him at trial. Appellant presented a teenage relative as an alibi witness.

***Commonwealth v. Callahan***, 69 A.3d 1287 (Pa. Super. 2013) (unpublished memorandum), at 1-3 (footnote omitted).

The procedural history of this case is as follows. On April 19, 2010, Appellant was convicted of robbery,[1] theft by unlawful taking,[2] making terroristic threats,[3] and recklessly endangering another person.[4] On June 3,

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[2] 18 Pa.C.S.A. § 3921(a).

[3] 18 Pa.C.S.A. § 2706(a)(1).
*(Footnote Continued Next Page)*

2010, he was sentenced to an aggregate term of 10 to 20 years' imprisonment. Appellant did not file a post-sentence motion, but did file a direct appeal with this Court in which he argued that the evidence was insufficient and the jury's verdict was against the weight of the evidence. On December 6, 2010, this Court affirmed Appellant's judgment of sentence, finding that Appellant waived his two issues by failing to file a post-sentence motion raising the weight of the evidence claim and failing to include citations to relevant authority regarding the sufficiency of the evidence claim. *Commonwealth v. Callahan*, 23 A.3d 569 (Pa. Super. 2010) (unpublished memorandum).

Appellant filed a timely *pro se* PCRA petition alleging that his trial counsel[5] was ineffective for failing to file a post-sentence motion, failing to preserve his sufficiency of the evidence claim, failing to call an additional alibi witness, and failing to pursue a motion to suppress.[6] The PCRA court appointed counsel and held an evidentiary hearing. On March 22, 2012, the PCRA court granted Appellant relief on his claims that trial counsel was ineffective for failing to file a post-sentence motion and failing to preserve

*(Footnote Continued)* ───────────────

[4] 18 Pa.C.S.A. § 3705.
[5] Appellant had the same counsel for trial and his direct appeal. We refer to him throughout this opinion as trial counsel.

[6] Appellant originally filed a motion to suppress the photo array identification. However, prior to the suppression hearing he withdrew the motion to suppress.

his sufficiency of the evidence claim.[7] Therefore, the PCRA court reinstated Appellant's right to file a post-sentence motion and his right to file a direct appeal *nunc pro tunc*. The PCRA court also denied relief on Appellant's claim that trial counsel was ineffective for failing to call an additional alibi witness and for failing to pursue the motion to suppress. Instead of filing a post-sentence motion and a direct appeal, PCRA counsel chose to appeal the PCRA court's denial of Appellant's ineffectiveness claim regarding trial counsel's failure to call an additional alibi witness. We affirmed that order on March 11, 2013. ***Commonwealth v. Callahan***, 69 A.3d 1287 (Pa. Super. 2013) (unpublished memorandum).

Appellant then filed a second *pro se* PCRA petition on April 30, 2013.[8] Counsel was appointed and filed an amended PCRA petition. That petition alleged that Appellant's first PCRA counsel was ineffective for failing to file a post-sentence motion and direct appeal *nunc pro tunc* and for failing to appeal the PCRA court's denial of Appellant's suppression claim. The PCRA court held an evidentiary hearing, after which it denied Appellant's PCRA petition. The PCRA court concluded that PCRA counsel was not ineffective

---

[7] ***See Commonwealth v. Fink***, 24 A.3d 426, 434 (Pa. Super. 2011).

[8] Appellant signed his PCRA petition on April 30, 2013. The postmark on the envelope in which Appellant's petition was mailed is May 2, 2013. Thus, depending on which day the envelope was actually placed in the stream of prison mail, the petition was filed on April 30, May 1, or May 2, 2013. ***See Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997). For convenience, we use the date most advantageous to Appellant, April 30, 2013.

for failing to file a post-sentence motion *nunc pro tunc*, for failing to file a direct appeal *nunc pro tunc*, or for failing to appeal the PCRA court's denial of the ineffectiveness claim based upon trial counsel's failure to pursue the suppression motion. The PCRA court concluded all three issues lacked arguable merit. This timely appeal followed.[9]

Appellant presents one issue for our review:

> Whether the [PCRA] court erred in denying the Appellant's [second PCRA] petition alleging that trial counsel was ineffective for failing to file post-sentence motions dealing with the sufficiency of the evidence and the weight of the evidence and also for failing to file a direct appeal pertaining to these issues?

Appellant's Brief at 4.

"As a threshold jurisdictional matter, however, the timeliness of the PCRA petition must be addressed. Even where neither party nor the PCRA court have addressed the matter, it is well-settled that we may raise it *sua sponte* since a question of timeliness implicates the jurisdiction of our Court." **Commonwealth v. Gandy**, 38 A.3d 899, 902 (Pa. Super. 2012), *appeal denied*, 49 A.3d 442 (Pa. 2012) (internal quotation marks and citation omitted). Thus, we shall forego assessment of the merits of the claim set forth in Appellant's brief and, instead, concentrate our attention on

---

[9] On February 8, 2014, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On March 6, 2014, Appellant filed his concise statement. On March 20, 2014, the PCRA court issued its Rule 1925(a) opinion. Appellant's lone issue on appeal was included in his concise statement.

whether Appellant timely filed his PCRA petition and, if not, whether he has raised a viable statutory exception to the PCRA's timeliness requirement. As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Taylor**, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). "This Court has explained that when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes." **Commonwealth v. Turner**, 73 A.3d 1283, 1286 (Pa. Super. 2013), *appeal denied*, 91 A.3d 162 (Pa. 2014) (citation omitted); **Commonwealth v. Donaghy**, 33 A.3d 12, 14 n.5 (Pa. Super. 2011), *appeal denied*, 40 A.3d 120 (Pa. 2012).

The first issue we must confront is when Appellant's judgment of sentence became final. There appear to be two possibilities. Under general PCRA principles, Appellant's judgment of sentence became final on April 23, 2012, the last day Appellant could have filed his direct appeal *nunc pro tunc*. **See Turner**, 73 A.3d at 1286 (time for filing PCRA restarted 30 days after

- 6 -

order reinstating direct appeal rights *nunc pro tunc*).[10] However, if Appellant's judgment of sentence did not become final until he failed to seek allocatur with respect to our affirmance of the PCRA court's order denying in part his first PCRA petition, then his judgment of sentence became final on April 10, 2013. **See** Pa.R.A.P. 1113(a).

We hold that Appellant's judgment of sentence became final on April 23, 2012. The plain language of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or when the time for seeking direct review expires. **See** 42 Pa.C.S.A. § 9545(b)(3). In fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. Thus, the plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review, even if other collateral proceedings are still ongoing. As this result is not absurd or unreasonable, we may not look for further manifestations of legislative intent. **See** **Commonwealth v. Hall**, 80 A.3d 1204, 1211 (Pa. 2013) (internal quotation marks omitted) (We may "look beyond the plain language of the statute only

---

[10] The order from the PCRA court reinstating Appellant's right to file a direct appeal *nunc pro tunc* was entered on March 22, 2012. Appellant had 30 days to file his notice of appeal. **See** Pa.R.A.P. 903(a). As from that date, the 30th day fell on Saturday, April 21, 2012, Appellant had until Monday, April 23, 2012 to file his notice of appeal. **See** 1 Pa.C.S.A. § 1908.

- 7 -

when words are unclear or ambiguous, or the plain meaning would lead to a result that is absurd, impossible of execution or unreasonable.").

Having determined that Appellant's judgment of sentence became final on April 23, 2012, we next consider whether the fact that Appellant was unable to file a PCRA petition until April 11, 2013 (30 days after this Court affirmed the order denying relief on Appellant's alibi witness claim) impacts our timeliness analysis. We hold that it does not. Under *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000), Appellant was precluded from filing a PCRA petition prior to April 11, 2013 because his appeal of the partial denial of his first PCRA petition was still pending. As our Supreme Court explained:

> [W]hen an appellant's PCRA appeal is pending before a court, **a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar . . . applies.**

*Lark*, 746 A.2d at 588 (emphasis added; footnote, internal quotation marks, and citation omitted). Thus, *Lark* precluded Appellant from filing a subsequent PCRA petition until his appeal of the partial denial of his first PCRA petition became final. *Lark* articulates no preclusive effect on Appellant's ability to file post-sentence motions or file a direct appeal *nunc*

*pro tunc*, as the first PCRA court's March 22, 2012 order allowed. Hence, the rule in **Lark** has no impact on our timeliness analysis.[11]

Finally, "the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended, *i.e.*, by operation of one of the statutorily enumerated exceptions[.]" **Commonwealth v. Ali**, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted). Our Supreme Court has consistently rejected "various theories devised to avoid the effects of the [PCRA's] one-year time limitation[.]" **Commonwealth v. Robinson**, 837 A.2d 1157, 1157 (Pa. 2003), *citing* **Commonwealth v. Baroni**, 827 A.2d 419 (Pa. 2003); **Commonwealth v. Rienzi**, 827 A.2d 369 (Pa. 2003); **Commonwealth v. Eller**, 807 A.2d 838 (Pa. 2002); **Commonwealth v. Hall**, 771 A.2d 1232 (Pa. 2001); **Commonwealth v. Murray**, 753 A.2d 201, 202 (Pa. 2000); **Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999). Appellant has not identified an exception to the PCRA's timeliness requirement that is applicable in this case. Accordingly, we cannot extend the time for filing a PCRA petition, even in these *sui generis* circumstances, for equitable reasons.

---

[11] Given the unusual or unpredictable consequences that could emerge in these instances, it is preferable that an appellate court refrain from merits review where relief in the form of reinstatement of direct appeal rights *nunc pro tunc* has been granted. **See Donaghy**, 33 A.3d at 14 n.5, *citing* **Commonwealth v. Miller**, 868 A.2d 578, 580 (Pa. Super. 2005).

For these reasons, we hold that Appellant's second PCRA petition was untimely. Appellant's judgment of sentence became final on April 23, 2012. Thus, he was required to file his PCRA petition on or before April 23, 2013. He did not file his PCRA petition until April 30, 2013, one week late. Appellant failed to plead and prove the applicability of any of the PCRA's three statutory exceptions to the timeliness requirement. As such, the PCRA court lacked jurisdiction to consider the merits of Appellant's petition. Accordingly, the PCRA court correctly denied relief. Therefore, we affirm the order of the PCRA court denying Appellant relief.[12] **See Commonwealth v. Charleston**, 94 A.3d 1012, 1028 (Pa. Super. 2014) (citation omitted) ("[W]e may affirm the PCRA court's decision on any basis.").

Order affirmed.

---

[12] Even if we concluded that Appellant's petition was timely, and therefore considered the merits of Appellant's argument, we would conclude he was not entitled to relief. "To establish *per se* ineffectiveness, a defendant must still prove that he asked counsel to file a direct appeal." **Commonwealth v. Markowitz**, 32 A.3d 706, 715 (Pa. Super. 2011), *citing* **Commonwealth v. Touw**, 781 A.2d 1250 (Pa. Super. 2001). In this case, the PCRA court found that "[Appellant's first PCRA] counsel did not raise the issue[s] of sufficiency and weight [in his appeal to the Superior Court. PCRA] counsel had discussed those issues with [Appellant] prior to the [first] PCRA/evidentiary hearing and [Appellant] agreed to waive the issues." Findings of Fact and Conclusions of Law, 1/14/14, at 5 (paragraph number omitted). This finding was supported by the record. PCRA counsel testified that, after consultation, Appellant agreed to waive his sufficiency and weight claims. **See** N.T. 1/14/14, at 5. Thus, Appellant failed to prove that he asked his first PCRA counsel to file a post-sentence motion and direct appeal. As such, he failed to prove that his first PCRA counsel was *per se* ineffective for failing to file a direct appeal and instead pursuing the appeal of the PCRA court's denial of his ineffectiveness claim based upon trial counsel's failure to call an additional alibi witness.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2014