J-S79029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RALPH C. JONES | |
| Appellant | No. 1075 EDA 2014 |

Appeal from the PCRA Order March 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1016092-1975

BEFORE:  ALLEN, OLSON and STRASSBURGER,* JJ.

JUDGMENT ORDER BY OLSON, J.:                **FILED DECEMBER 30, 2014**

Appellant, Ralph C. Jones, appeals from the order entered on March 7, 2014 dismissing his petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On September 6, 1977, Appellant was sentenced to 60 to 120 years' imprisonment for various offenses committed during a robbery at United Vending Company.  *See generally Commonwealth v. Jones*, 43 A.3d 513 (Pa. Super. 2012) (unpublished memorandum).  On July 29, 2013, Appellant filed this, his third, counseled PCRA petition.  On December 20, 2013, the PCRA court issued notice pursuant to Pennsylvania Rule of Criminal Procedure 907 of its intent to dismiss the petition.  On March 7, 2014, the PCRA court dismissed the petition.  This timely appeal followed.

* Retired Senior Judge assigned to the Superior Court.

On appeal, Appellant concedes that his petition is patently untimely and that his petition does not satisfy any of the statutory exceptions to the PCRA's timeliness requirement. Courts lack jurisdiction over untimely PCRA petitions that do not satisfy a timeliness exception. ***See Commonwealth v. Callahan***, 101 A.3d 118, 121–122 (Pa. Super. 2014) (citations omitted). Appellant argues, however, that the PCRA's timeliness requirement is unconstitutional as it permits innocent individuals to be incarcerated. Our Supreme Court has rejected this claim. ***See, e.g., Commonwealth v. Peterkin***, 722 A.2d 638, 642–643 (Pa. 1998). ***McQuiggin v. Perkins***, 133 S.Ct. 1924 (2013), the case cited by Appellant, does not change the constitutionality of the PCRA's timeliness requirement as ***McQuiggin*** dealt with federal *habeas corpus* proceedings and not state collateral review proceedings. Thus, the PCRA court correctly determined that Appellant's PCRA petition was time-barred.

Alternatively, Appellant argues he is entitled to *habeas corpus* relief. Our Supreme Court has held, however, that all claims cognizable under the PCRA, such as Appellant's, must be brought under the PCRA and not through *habeas corpus* proceedings. ***E.g., Commonwealth v. Eller***, 807 A.2d 838, 842–843 (Pa. 2002). Accordingly, the PCRA court correctly treated Appellant's petition as a request for relief under the PCRA and dismissed the petition as time-barred.

Order affirmed.

J-S79029-14

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2014