J-S72043-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
                        :           PENNSYLVANIA
           Appellee        :
                        :
         v.                :
                        :
DANIEL L. SPUCK,          :
                        :
          Appellant      :   No. 917 WDA 2014

Appeal from the PCRA Order Entered April 14, 2014
in the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000396-1995

BEFORE:  BENDER, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:       **FILED JANUARY 12, 2015**

Daniel L. Spuck (Appellant) appeals *pro se* from the April 14, 2014 order dismissing his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

As a prior panel of this Court explained,

On March 22, 1996, a jury found [Appellant] guilty of third degree murder, two counts of recklessly endangering another person, aggravated assault, and simple assault in connection with the stabbing death of Michael Allen Cramer in DuBois[, Pennsylvania,] on February 23, 1995. [Appellant] also stabbed his ex-wife during the attack. Judgment of sentence was imposed on April 19, 1996, with [Appellant] receiving an aggregate term of 11 to 22 years' imprisonment. This [C]ourt affirmed the judgment of sentence on February 27, 1998, and our [S]upreme [C]ourt denied appeal on October 1, 1998.

***Commonwealth v. Spuck***, 86 A.3d 870, 872, *reconsideration denied* (Mar. 26, 2014), *reargument denied* (Apr. 16, 2014), *appeal denied*, 99 A.3d 77

---

* Retired Senior Judge assigned to the Superior Court.

(Pa. 2014) (citations omitted). Appellant did not seek further review of his direct appeal by the United States Supreme Court.

Since 1998, Appellant has sought collateral review by this Court on nearly a dozen occasions. *Id.* at 871-72 n. 2. His latest PCRA petition, the one at issue herein, was filed on April 14, 2014. As we have repeatedly explained to Appellant, the timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Robinson*, 12 A.3d 477, 479 (Pa. Super. 2011). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final. 42 Pa.C.S. § 9545.

Relying on a letter from the United States Supreme Court dated March 26, 2014, which apparently accompanied the return of certain documents to Appellant and confirms that his case at docket number 13-1633 is closed, Appellant categorizes this latest PCRA petition as a "first" petition on the basis that the Supreme Court has just now finalized its review of his direct appeal issues. Appellant's Brief at 5; Appellant's Exhibit C. Thus, Appellant contends that his judgment of sentence is now final, the instant petition is timely and all prior PCRAs were "premature." *Id.* at 6.

Appellant's attempt to circumvent the jurisdictional prerequisites of the PCRA is unavailing. "The plain language of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review **or when the time for seeking direct review expires**." *Commonwealth v.*

***Callahan***, 101 A.3d 118, 122 (Pa. Super. 2014) (emphasis added; citation omitted). The Rules of the Supreme Court of the United States provide that

> [u]nless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals (including the United States Court of Appeals for the Armed Forces) is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

U.S. Sup. Ct. R. 13.

As discussed above, Appellant did not seek discretionary review by the United States Supreme Court following our Supreme Court's October 1, 1998 denial of his petition for allowance of appeal. Accordingly, Appellant's judgment of sentence became final 90 days later, on December 30, 1998, at the expiration of the period in which he was permitted to seek discretionary review in the first instance. ***Id.***

As this Court has explained, "[i]n fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination. Thus, the plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review, even if other collateral proceedings are still ongoing." ***Callahan***, 101 A.3d at 122.

A review of the United States Supreme Court docket reveals that Appellant has filed numerous petitions with the Court since his conviction. However, none of those petitions acted to stay or extend the 90-day timeframe set forth above. Additionally, the fact that one of Appellant's many pending cases is now considered closed by the High Court does not serve to alter this conclusion.

As the instant petition is patently untimely, it is time-barred unless Appellant is able to plead and prove one of the timeliness exceptions set forth at 42 Pa.C.S. § 9545(b)(3).

The exceptions to the timeliness requirement are:

(i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii). A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." **Robinson**, 12 A.3d at 480.

Appellant claims that he has produced newly-discovered facts unknown to him at the time of trial in the form of affidavits from Fred Dick, dated January 13, 2014, and Mark Cowder, dated April 27, 2012, the content of which warrant a new trial. Appellant's Brief at 9-10. Mr. Dick purports to be an eyewitness, as well as a character witness, Appellant's Exhibit D; while Mr. Cowder claims he has been in touch with a woman who served on Appellant's jury and who "struggled" with the facts of his case. Appellant's Exhibit E.

Appellant does not assert that he filed the instant petition within 60 days of being informed of the existence of Mr. Dick or Mr. Cowder. In fact, Appellant admits that he located Mr. Dick in 2012. Appellant's Brief at 9.[1] Because Appellant is not reserved about filing all manner of petitions with this Court, we can conclude that, with the exercise of due diligence, he could have raised this claim more than 60 days before April 14, 2104.

With respect to Mr. Cowder, Appellant has failed to allege facts that would warrant a hearing. Appellant does not name the alleged juror, nor does he detail when he learned this information from Mr. Cowder. Moreover, such evidence is inadmissible. **Commonwealth v. Patrick**, 206 A.2d 295, 297 (Pa. 1965) ("Our Courts have repeatedly held for over 150 years that after a verdict is recorded, and after the jury has separated and been discharged, jurors may not invalidate or impeach a verdict by their own

---

[1] Mr. Dick's affidavit, in which he claims to have known Appellant since the mid-1980s, is dated April 27, 2012.

testimony."); **_Commonwealth v. Abu-Jamal_**, 720 A.2d 79, 115 (Pa. 1998) ("the law of this Commonwealth … forbids the post-verdict testimony of jurors which would tend to impeach the verdict.")

Accordingly, because Appellant failed to satisfy a PCRA timeliness exception, we conclude that the PCRA court lacked jurisdiction to entertain the merits of Appellant's claims, and dismissal of his serial PCRA petition was proper.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2015