J-S27019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN SKOPINSKI | : | |
| | : | |
| Appellant | : | No. 3413 EDA 2019 |

Appeal from the PCRA Order Entered October 29, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0004861-2009

BEFORE:   SHOGAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED JULY 7, 2020**

John Skopinski (Appellant) appeals *pro se* from the order entered in the Bucks County Court of Common Pleas dismissing his fourth and fifth petitions, under the Post Conviction Relief Act[1] (PCRA), as untimely filed.  We affirm.

On November 16, 2009, Appellant entered an open guilty plea to two counts each of statutory sexual assault, involuntary deviate sexual intercourse/person less than 13 (IDSI), and sexual assault;[2] and one count

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3122.1, 3123(a)(6), *deleted by amendment*, Act 2002-162 (HB 976), 3124.1.  The information alleged the offense dates of the ISDI counts were January 1, 2002 through August 17, 2003.  We note Appellant was charged under the prior IDSI subsection, 18 Pa.C.S. § 3123(a)(6),

each of possessing instruments of crime, indecent assault/person less than 13, endangering welfare of children, corruption of minors, and unlawful contact with minor.[3]  On October 26, 2010, Appellant filed a pre-sentence motion to withdraw his guilty plea.  The trial court conducted a hearing and denied the motion on April 18, 2011.

On May 4, 2011, the trial court sentenced Appellant to an aggregate term of 25 to 50 years' imprisonment and designated him a sexually violent predator.  Appellant timely appealed.  This Court affirmed his judgment of sentence on October 19, 2012, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on June 27, 2013.  *Commonwealth v. Skopinski*, 2326 EDA 2011 (unpub. memo) (Pa. Super. 2012), *appeal denied*, 892 MAL 2012 (Pa. 2013).

Appellant filed a timely PCRA petition on June 18, 2014, which was denied on August 17, 2015.  Appellant appealed, and this Court affirmed on June 1, 2016; our Supreme Court denied his petition for allowance of appeal. *Commowealth v. Skopinski*, 2773 EDA 2015 (unpub. memo) (Pa. Super. 2016), *appeal denied*, 534 MAL 2016 (Pa. 2016).

Appellant filed a second PCRA petition on November 9, 2017, which was dismissed as untimely filed on January 2, 2018.  Appellant's third PCRA

_____

pertaining to victims under the age of 13.  In December of 2002, this subsection was renumbered as Subsection 3123(b).

[3] 18 Pa.C.S. §§ 907(a), 3126(a)(7), 4304(a), 6301(a)(1), 6318(a)(1).

petition, filed December 19, 2018, was likewise dismissed on March 14, 2019, as untimely filed.

Five months thereafter, on August 14, 2019, Appellant filed the underlying *pro se* PCRA petition, his fourth. This petition averred that each prior dismissal of a PCRA petition advanced the date his judgment became final. Appellant thus reasoned his judgment became final on March 14, 2019 — when his third PCRA petition was dismissed — and his August 14th petition was accordingly timely. Appellant's Motion for Post Conviction Collateral Relief, 8/14/19, at 3. Appellant also asserted, *inter alia*, that his plea counsel was ineffective for "failing to present evidence favorable to" him. **Id.** at 15.

Approximately one month later, on September 16, 2019, Appellant filed yet another PCRA petition, which the PCRA court characterized as his fifth. This petition was essentially identical to the August 14th petition.

On October 2, 2019, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss both petitions without a hearing. Appellant filed a *pro se* response. On October 29th, the court dismissed both petitions. This timely *pro se* appeal followed.[4]

---

[4] The trial docket includes a November 27, 2019, entry for the PCRA court's "Concise Statement Order," and a December 16, 2019, entry for Appellant's "Concise Statement of Errors Complained of on Appeal." Trial Docket, 1/27/20, at 24. However, neither document is included in the certified record transmitted on appeal. Nevertheless, the absence of these documents does not impede our review as to whether as the PCRA court erred in finding Appellant's PCRA petitions were untimely filed.

Appellant presents two issues for our review:

1. Appellant asserts that this PCRA petition meets the timeliness exception requirements of 42 Pa.C.S.A. Section 9545(B)(1)(ii).

2. Appellant asserts that coun[s]el's unjustified complete failure to contact and present known fact witnesses at the Hearing to Withdraw Guilty Plea when requested to do so, is the functional equivalent of Appellant having no representation at all.

Appellant's Brief at 6, 9.

"When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." *Commonwealth v. Brensinger*, 218 A.3d 440, 447 (Pa. Super. 2019) (some citations omitted). "The PCRA's time limitations are jurisdictional in nature and, as such, may not be altered or disregarded in order to address the merits of a petition." *Id.* Any PCRA petition shall be filed within one year of the date the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

A PCRA petition may be filed beyond the general one-year period if "the petition alleges and the petitioner proves," *inter alia*, "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S.A. § 9545(b)(1). Additionally, we note:

> On October 24, 2018, the General Assembly amended section 9545(b)(2) of the PCRA statute to expand the time for filing a petition [invoking a timeliness exception] from 60 days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, *i.e.* December 24, 2017, or thereafter.

**Brensinger**, 218 A.3d at 448 n.7.

Here, on direct appeal, the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 27, 2013. Appellant then had 90 days, or until September 25, 2013, to seek *certiorari* in our United States Supreme Court. **See** Sup. Ct. R. 13. Because he did not, his judgment of sentence became final, for PCRA purposes, on September 25, 2013.[5] **See** 42 Pa.C.S.A. § 9545(b)(3). Contrary to Appellant's PCRA petition claim, the PCRA statute make no provision that this date may be advanced each time he files a PCRA petition. Instead, Section 9545(b)(3) clearly states that "a judgment becomes final at the conclusion of **direct** review, including discretionary review in the Supreme Court of the United States and the

---

[5] The PCRA court incorrectly found "direct review of [Appellant's] case concluded on June 27, 2013" — when our Supreme Court denied Appellant's petition for allowance of appeal. PCRA Ct. Op., 1/24/20 at 2 (unpaginated). Nevertheless, we agree with the court's ultimate conclusion that Appellant's underlying petitions were untimely filed. **See Commonwealth v. Callahan**, 101 A.3d 118, 124 (Pa. Super. 2014) ("[W]e may affirm the PCRA court's decision on any basis.").

Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *See id.* (emphasis added).

Appellant then generally had one year, or until September 25, 2014, to file a PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). The instant PCRA petition was filed almost five years later, on August 14, 2019, and thus was patently untimely.

Appellant seeks relief, for the first time on appeal, under the "newly-discovered evidence" timeliness exception at Subsection 9545(b)(1)(ii). He claims:

> Appellant asserts that the **newly found fact did not exist until June 15, 2015**, and therefore could not have been known to Appellant, and no amount of due diligence could have ascertained it by the June 27, 2014 deadline cited by the PCRA court. Appellant's **newly found fact was discovered on October 10, 2019 and was raised and filed with the Bucks County [Clerk] of Courts on October 23, 2019**.
>
> * * *
>
> . . . Appellant asserts that he has consistently exercised intense and persist[e]nt due diligence. . . . .
>
> * * *
>
> . . . Appellant's newly found fact was discovered on October 19, 2019, and was raised and filed with the Bucks County Clerk of Courts on October 23, 2019.

Appellant's Brief at 6-8.

As stated above, Appellant's PCRA petitions averred they (the petitions) were timely because his judgment of sentence did not become final until the last PCRA petition was dismissed. We have rejected this argument. On

appeal, Appellant invokes for the first time the "newly-discovered evidence" exception. Because this argument was not raised before the PCRA court, it is waived for our review.[6] **See** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Wharton**, 886 A.2d 1120, 1126 (Pa. 2005) ("A petitioner is 'required to plead the cognizability of his petition in the petition itself,' and cannot raise one of the enumerated exceptions to the time bar for the first time in an appellate brief.") As Appellant's PCRA petitions failed to establish timeliness, we do not disturb the order dismissing them.

In his second issue on appeal, Appellant avers his plea counsel failed "to contact and present known fact witnesses at the Hearing to Withdraw Guilty Plea." Appellant's Brief at 9. Because we conclude the PCRA court lacked jurisdiction to hear his petition, no relief is due on this claim.

For the foregoing reasons, we affirm the order dismissing Appellant's PCRA petitions as untimely filed.

_____

[6] Furthermore, Appellant's argument on appeal does not present any basis for relief. While he repeatedly refers to a "newly found fact," he provides no further description or explanation of this alleged fact. **See** Appellant's Brief at 6-8. With respect to an alleged fact that "did not exist until June 15, 2015," Appellant ignores that any PCRA petition must have been filed within 60 days of its discovery. **See Brensinger**, 218 A.3d at 448. Finally, Appellant's reliance on a "newly found fact . . . discovered on October 19, 2019, and . . . filed . . . on October 23, 2019," is not relevant to the timeliness of the underlying petitions, as they were filed before that date, on August 14 and September 16, 2019, respectively.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/07/2020