J-A17013-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK ROSADO | : | |
| | : | |
| Appellant | : | No. 896 EDA 2021 |

Appeal from the PCRA Order Entered March 29, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1008191-1989

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED SEPTEMBER 28, 2022**

Frank Rosado filed a second petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, 22 years after his judgment of sentence for the first-degree murder of Luis Diaz became final. He now appeals *pro se* the Philadelphia County Court of Common Pleas' order dismissing the petition without an evidentiary hearing on the basis that the petition was untimely. We affirm.

The timeliness of a PCRA petition is a question of law and therefore, our standard of review is *de novo* and our scope of review is plenary. **See Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014). We note at the outset that the timeliness requirements of a PCRA petition are

_____

[*] Retired Senior Judge assigned to the Superior Court.

jurisdictional in nature and may not be disregarded in order to address the merits of a petition. **See Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014). The PCRA requires a petition, whether it be a first or subsequent petition, to be filed within one year of the date the underlying judgment of sentence becomes final. **See** 42 Pa. C.S.A. § 9545(b)(1). For purposes of the PCRA, a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, Rosado's judgment of sentence became final on February 1, 1994, when the 90-day period for filing a *writ of certiorari* from our Supreme Court's denial of Rosado's petition for allowance of appeal on direct appeal expired.[1] Rosado did not file the instant PCRA petition until December 9, 2016, which, as Rosado concedes, makes his petition patently untimely by more than two decades.

Therefore, in order for Rosado to obtain merit review of his facially-untimely PCRA petition, he must plead and prove one of the three timeliness

---

[1] Rosado was sentenced to, *inter alia*, life imprisonment for the first-degree murder of Diaz in July 1990. This Court affirmed his judgment of sentence on direct appeal, and our Supreme Court denied allocatur on November 3, 1993. Therefore, Rosado's judgment of sentence became final for purposes of the PCRA on February 1, 1994. **See** Pa.C.S.A. § 9545(b)(3).

exceptions set forth by the PCRA. **See** 42 Pa.C.S.A. § 9545 (b)(1)(i)-(iii). Rosado claims his petition is timely under the newly-discovered-facts exception, which requires a petitioner to establish that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa. C.S.A. § 9545(b)(1)(ii). As with all three of the timeliness exceptions at the time relevant to Rosado's petition, Rosado was required to file his petition within sixty days of the date he could have first presented the claim. **See** Pa. C.S.A. § 9545(b)(2).[2]

Rosado bases his newly-discovered-facts claim on a letter his brother alleges he found in 2016 while he was cleaning their mother's house. The letter, handwritten in Spanish and dated January 5, 1994, is written by an alleged eyewitness to the shooting named Raul Lopez. In the letter:

> Lopez claims he and [Rosado] were together the day of the shooting, that he observed [Rosado] and the decedent fighting, that they both 'fell down, and suddenly an explosion rang out.' Lopez claims that when [Rosado] and the decedent fell down, he couldn't see anything because parked cars were blocking his view.

---

[2] Section 9545(b)(2) was amended on October 24, 2018, to extend the time from 60 days to one year. However, the amendment provides that it only applies to claims arising after December 24, 2017, and Rosado's petition was filed in 2016.

Trial Court Opinion, 8/20/21, at 7.[3]

In rejecting Rosado's claim that the newly-discovered-facts exception was applicable to his case, the PCRA court found that Rosado did not establish he acted with due diligence in seeking testimony from Lopez. The PCRA court explained:

> The letter written by Lopez is dated January 5, 1994, and, by [Rosado's] own admission, was in the possession of [Rosado's] mother in her home. [Rosado] does not explain how his mother came into possession of this letter and why his mother did not give it to him sooner if it indeed contained 'exculpatory evidence.' Moreover, [Rosado] claims that Lopez was an 'eyewitness' to the shooting and was prepared to testify at trial. Thus, [Rosado] had known about Raul Lopez since the day of the shooting if Lopez was indeed an eyewitness, knew what Lopez had observed since they allegedly were together that day, and knew that Lopez was available to testify at trial. [Rosado] does not explain why he did not reach out to Lopez prior to trial or in the decades since if he indeed could have provided testimony beneficial to [Rosado].

Trial Court Opinion, 8/20/21, at 5-6.

We see no error in the PCRA court's conclusion that Rosado did not exercise due diligence, as he must to invoke the newly-discovered-facts exception to the PCRA's time bar. In his appellate brief, Rosado does not challenge the PCRA court's finding in this regard nor does he attempt to explain how he did, in fact, exercise due diligence in either obtaining the letter from his mother or otherwise ascertaining Lopez's testimony. Therefore,

_____

[3] Rosado provided a copy of the letter translated into English.

Rosado has failed to demonstrate how the PCRA court erred by dismissing his petition as untimely.

Rosado summarily asserts in his second claim, however, that the PCRA court erred by dismissing his petition without first holding an evidentiary hearing. This claim fails, given that "[i]f the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Commonwealth v. Reed**, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted). Rosado's companion assertion that he was entitled to the appointment of counsel pursuant to Pa.R.Crim.P. 904(D), which requires the PCRA court to appoint counsel for a *pro se* indigent petitioner's second or subsequent PCRA petition when an evidentiary hearing is required, likewise fails.

Based on the above, we discern no error in the PCRA court's dismissal of Rosado's petition as untimely, and in doing so without holding a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/28/2022