J-S47042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
GALINA RYTSAR :
:
Appellant : No. 1986 EDA 2024

Appeal from the PCRA Order Entered July 15, 2024
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0005761-2015

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED APRIL 1, 2025**

Galina Rytsar ("Rytsar") appeals pro se from the order entered by the Bucks County Court of Common Pleas dismissing her serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Because Rytsar filed an untimely PCRA petition and failed to establish an exception to the statutory time-bar, we affirm.

On February 20, 2016, Rytsar entered an open guilty plea to promoting prostitution, criminal conspiracy, and criminal use of a communication facility. On August 31, 2016, the trial court imposed an aggregate sentence of three to ten years in prison and a concurrent probation term of ten years. Rytsar

_____

[1] 42 Pa.C.S. §§ 9541-9546.

filed a motion for reconsideration of sentence, which the trial court denied on September 16, 2016. Rytsar did not appeal.

On June 19, 2017, Rytsar filed her first timely PCRA petition, raising several claims including, inter alia, constitutional violations, ineffective assistance of counsel, and unlawful inducement of a guilty plea. The PCRA court dismissed Rytsar's petition. On November 27, 2019, this Court remanded the matter to the PCRA court for a hearing to determine whether Rytsar's trial counsel was ineffective for failing to file a direct appeal. *See Commonwealth v. Rytsar*, 405 EDA 2019 (Pa. Super. Nov. 27, 2019) (non-precedential decision). After a hearing, the PCRA court found Rytsar did not request that trial counsel file a direct appeal and denied her PCRA petition. Rytsar did not appeal this order.

On February 21, 2023, Rytsar filed a pro se "Motion for a New Trial Based on Newly Discovered Evidence." In this motion, Rytsar argued that she was entitled to a new trial because her case was erroneously held for court based on hearsay testimony presented at her preliminary hearing. The PCRA court treated this motion as a second PCRA petition, and subsequently entered a Pa.R.Crim.P. 907 notice of intent to dismiss. Rather than respond to the PCRA court's Rule 907 notice, Rytsar filed a second "Motion for a New Trial Based on Newly Discovered Evidence" on April 28, 2023, based on ineffective assistance of counsel claims for failing to object to plea terms not being spoken on the record or having them translated. On May 4, 2023, the PCRA court

denied Rytsar's second PCRA petition. Rytsar filed a timely appeal. However, Rytsar filed a motion to withdraw the appeal, which this Court granted on August 10, 2023. **See Commonwealth v. Rytsar**, 1252 EDA 2023 (Pa. Super. Aug. 10, 2023) (Order).

In the interim, on May 9, 2023, Rytsar filed another "Motion for New Trial Based on Newly Discovered Evidence," which was nearly identical to her April 28, 2023 motion, including dating it as April 28, 2023. Rytsar filed motions for a video conference on October 30, 2023, and January 8, 2024, even though she had no pending hearings or pending motions requesting a hearing. The PCRA court denied these motions as moot.

On April 24, 2024, Rytsar filed a motion seeking for the PCRA court to enter an order, alleging that the PCRA court never ruled on her May 9, 2023 "Motion for New Trial Based on Newly Discovered Evidence." Before the PCRA court could respond, Rytsar filed a motion to recuse on April 29, 2024, alleging that the PCRA court is biased against her by its "refusal" to rule on her May 9, 2023 motion. On May 1, 2024, the PCRA court denied Rytsar's motion for the entry of an order, explaining, in a footnote, that the contents of the May 9, 2023 filing were nearly identical to the February 21, 2023 PCRA petition. The court indicated that it returned the May 9, 2023 motion as duplicative and

moot, as the claims therein had already been dismissed in prior PCRA actions.[2]

On May 8, 2024, the PCRA court denied Rytsar's motion to recuse.[3]

On June 7, 2024, Rytsar filed a "Motion to Amend PCRA Petition." In the motion, Rytsar acknowledged that the PCRA court took no action on her May 9, 2023 motion because her second PCRA petition was pending at the time, but alleged the PCRA clerk did not notify her of the PCRA court's action until later by letter. In her June 7, 2024 filing, Rytsar sought to amend the May 9, 2023 motion. On July 15, 2024, the PCRA court denied Rytsar's motion to amend as "untimely, duplicative, and moot." PCRA Court Order, 7/15/2024.

Rytsar filed a timely notice of appeal from the denial of her June 7 motion. She presents the following issue for our review: "Did the trial court err and abuse its discretion when it failed to grant [Rytsar's] motion to amend PCRA?" Rytsar's Brief at 4 (unnecessary capitalization omitted).

We must first determine whether her motion to amend must be treated as a PCRA petition subject to the PCRA's jurisdictional requirements. Pennsylvania law provides that any request for relief after an appellant's

---

[2] This is inaccurate. Our review of the record shows that claims of ineffective assistance of counsel were contained in her first PCRA petition, not her second, and further that the claims raised in her May 9, 2023 motion differed from either prior PCRA filing. Based upon our resolution of this matter, however, this distinction does not impact our decision.

[3] On May 31, 2024, Rytsar filed an appeal from the PCRA court's denial of her motion to recuse. This matter is docketed at 1571 EDA 2024.

judgment of sentence becomes final must be treated as a PCRA petition if the issues raised are cognizable under the PCRA. **Commonwealth v. Fantauzzi**, 275 A.3d 986, 994–95 (Pa. Super. 2022); **see also** 42 Pa.C.S. § 9542 (establishing the PCRA as "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis").

Our review of Rytsar's June 7, 2024 motion reveals that she seeks to amend her May 9, 2023 motion, which the PCRA court deemed a PCRA petition. Rytsar acknowledges that her May 9, 2023 motion was properly treated as a PCRA petition. **See** Rytsar's Brief at 12-14. At the time Rytsar filed her June 7, 2024 motion, she had no pending petitions before the PCRA court—in particular, the May 9, 2023 motion. As there were no other petitions pending at the time Rytsar filed the motion to amend, the June 7, 2024 motion constituted a new PCRA petition, wherein she seeks to raise an ineffective assistance of counsel claim, which is cognizable under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2)(ii). Therefore, Rytsar's June 7 motion is properly reviewed under the PCRA.

Because Rytsar's June 7 filing is a PCRA petition, we must address whether this serial PCRA petition was timely filed or, alternatively, satisfies an exception to the statutory time bar. "[T]he timeliness of a PCRA petition is jurisdictional and [] if the petition is untimely, courts lack jurisdiction over the

petition and cannot grant relief." ***Fantauzzi***, 275 A.3d at 994 (citations omitted). "As the timeliness of a PCRA petition is a question of law, our standard of review is de novo and our scope of review is plenary." ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

A petition for relief under the PCRA, including a second or subsequent petition like Rytsar's, must be filed within one year of the date the judgment of sentence becomes final unless that petitioner pleads and proves that an exception to the time limitation is met. 42 Pa.C.S. § 9545(b)(1). The exceptions to the one-year time bar include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

***Id.*** § 9545(b)(1). A PCRA petition invoking a statutory exception must be filed within one year of the date the claim could have been presented. ***Id.*** § 9545(b)(2).

Rytsar's judgment of sentence became final on October 17, 2016, after the time to file a direct appeal expired.[4]  *Id.* § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").  As such, the instant PCRA petition, filed on June 7, 2024, is facially untimely.

In her June 7, 2024 PCRA petition, Rytsar neither pleads nor proves an exception to the time-bar requirement.[5]  As such, both the PCRA court and this Court lack jurisdiction to consider the merits of her claims.  *See Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) ("Without jurisdiction, we simply do not have the legal authority to address the substantive claims.") (citation omitted).

Order affirmed.

_____

[4] Rytsar's thirty-day direct-appeal period to this Court expired on Sunday, October 16, 2016.  *See* 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

[5]  We observe that Rytsar attempted to raise a time-bar exception in her May 9, 2023 motion, which her June 7, 2024 filing seeks to amend.  However, as discussed above, the PCRA court properly treated the June 7 filing as a standalone PCRA petition, for which Rytsar would have had to plead and prove a timeliness exception to overcome the one-year time limit.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>4/1/2025</u>