J-S33045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN L. HOWARD | : | |
| | : | |
| Appellant | : | No. 2565 EDA 2024 |

Appeal from the PCRA Order Entered August 29, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1236641-1984

BEFORE: BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED NOVEMBER 12, 2025**

John L. Howard ("Howard") appeals from the order entered by the Philadelphia County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Because Howard's petition was untimely filed, and he failed to establish an exception to the statutory time-bar, we affirm.

In July 1984, Howard raped his fifteen-year-old daughter on three occasions. A jury found him guilty of numerous crimes, including rape and indecent assault. The trial court sentenced Howard to an aggregate term of thirty-five to seventy years in prison. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied Howard's petition for

_____

[1] 42 Pa.C.S. §§ 9541-9546.

allowance for appeal on September 12, 1988. *See Commonwealth v. Howard*, 545 A.2d 384 (Pa. Super. May 18, 1988) (non-precedential decision), *appeal denied*, 561 A.2d 741 (Pa. 1988).

Howard filed two pro se PCRA petitions (in 1989 and 1994, respectively), neither of which resulted in the grant of any relief. *See Commonwealth v. Howard*, 669 A.2d 410 (Pa. Super. Sept. 12, 1995) (non-precedential decision), *appeal denied*, 675 A.2d 1244 (Pa. 1996); *Commonwealth v. Howard*, 640 A.2d 472 (Pa. Super. Jan. 14, 1994) (non-precedential decision).

Howard filed the instant PCRA petition pro se on September 18, 2015. Subsequently, Howard filed a pro se supplemental petition on May 18, 2016, arguing that his sentence was illegal in light of *Alleyne v. United States*, 570 U.S. 99, 116 (2013) (holding that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury and proved beyond a reasonable doubt). Additionally in his August 17, 2016 supplemental petition, Howard argued that he was serving an illegal sentence pursuant to *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016) (concluding that 42 Pa.C.S. § 9718, which provided a mandatory minimum sentence for involuntary deviate sexual intercourse crimes, was unconstitutional under *Alleyne*).

On July 31, 2017, Howard filed an amended PCRA petition, wherein he invoked the newly-recognized constitutional right timeliness exception, citing

to ***Commonwealth v. Batts***, 163 A.3d 410, 446 (Pa. 2017) (devising a procedure for imposing a sentence of life in prison without parole for juvenile offenders), *abrogated by **Jones v. Mississippi***, 593 U.S. 98 (2021). Howard specifically cited to the ***Batts*** Court's reaffirmance of its prior holding in ***Wolfe***. Thereafter, on July 17, 2023, Howard, through counsel, filed an amended PCRA petition, arguing the July 31, 2017 amended petition properly invoked ***Batts***, which created a new constitutional right not provided to Howard at his sentencing. The PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss his petition without a hearing and ultimately dismissed it on August 29, 2024.

Howard filed a timely notice of appeal and raises the following questions for our review:

1.  Whether the PCRA court erred by dismissing [Howard's] petition as untimely when appellant satisfied the newly-recognized constitutional right exception to the one-year time limit pursuant to Section 9545(b)(1)(iii) of the PCRA.

2.  Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented to establish that the trial court imposed a sentence greater than the statutory maximum.

3.  Whether the PCRA court erred by failing to grant an evidentiary hearing.

Howard's Brief at 8.

Before we assess the merits of Howard's claims, we must answer the threshold question of whether the petition was filed timely or, alternatively, whether he satisfied an exception to the statutory time bar. ***See***

- 3 -

*Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) ("Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA petition was timely filed.") (quotation marks and citation omitted). "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition." *Id.* (quotation marks and citation omitted); *see also Commonwealth v. Fantauzzi*, 275 A.3d at 994 (noting "the timeliness of a PCRA petition is jurisdictional and that if the petition is untimely, courts lack jurisdiction over the petition and cannot grant relief"). The timeliness of a PCRA petition is a question of law for which our standard of review is de novo and our scope of review is plenary. *Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014).

The PCRA sets forth the following mandates governing the timeliness of any PCRA petition:

(1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i)   the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of the United States;

(ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 4 -

> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).  Additionally, at the time Howard filed the instant PCRA petition, he was required to have filed his petition invoking one of the exceptions "within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2) (effective to Dec. 23, 2018).[2]

Howard's judgment of sentence became final in December 1988, after the time to file a petition for a writ of certiorari to the United States Supreme Court.  *See id.* § 9545(b)(3).  Therefore, the instant PCRA petition, initially filed on September 18, 2015, is facially untimely.

In an attempt to overcome the time-bar, Howard invokes the newly-recognized constitutional right exception.  Howard's Brief at 13, 14-15.  He contends that *Batts* creates a substantive rule of constitutional law that applies retroactively to him.  *Id.* at 14-15.  Howard notes that he timely invoked the timeliness exception, as *Batts* was decided on June 26, 2017, and he raised this claim in his July 31, 2017 amended PCRA petition.  *Id.* at

_____

[2] In 2018, the General Assembly amended section 9545(b) to extend the time for filing a PCRA petition invoking an exception to the timeliness requirement from sixty days to one year from the date the claim could have been presented.  *See* Act of Oct. 24, 2018, P.L. 894, No. 146, § 2 (effective Dec. 24, 2018).  The Act amending section 9545(b)(2) provided that the one-year period applies only to timeliness exception claims arising on or after December 24, 2018.  As Howard filed his amended PCRA on July 31, 2017, and *Batts* was decided on June 26, 2017, Howard's petition was within the sixty-day period that was required at that time.

15. He further argues that **Commonwealth v. Stahley**, 201 A.3d 200 (Pa. Super. 2018) (concluding **Batts** announces "no substantive rule qualifying for retroactive application to cases pending on collateral review"), is not applicable here because the unconstitutionality of the mandatory minimum sentencing provision is a substantive rule, which is an exception to the retroactivity bar. Howard's Brief at 15.

As a preliminary matter, Howard's reliance on **Batts** is misplaced. First, the United States Supreme Court in **Jones** abrogated **Batts**, and our Supreme Court thereafter issued **Commonwealth v. Felder**, 269 A.3d 1232 (Pa. 2022), wherein it rescinded the procedural requirements set forth in **Batts** as not constitutionally required. Even if **Batts** remained good law, Howard's reliance on that case fails because he was not a juvenile when he committed the underlying crimes and was not sentenced to life in prison without the possibility of parole.

Howard's attempt to invoke **Wolfe** through **Batts** is unavailing. Pointedly, the **Wolfe** Court did not recognize a new constitutional right, nor did it apply any right retroactively. 42 Pa.C.S. § 9545(b)(1)(iii). Accordingly, Howard's claim fails.

To the extent Howard raises a legality of sentence claim, we note that "[a] challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction." **Commonwealth v. Borovichka**, 18 A.3d 1242, 1254 (Pa. Super. 2011) (citation omitted). Because Howard filed

an untimely PCRA petition and no time-bar exception applies, this Court does not have jurisdiction over the claim. **_Commonwealth v. Miller_**, 103 A.3d 988, 995 (Pa. Super. 2014). Thus, we cannot review Howard's claim.

"With respect to the PCRA court's decision to deny a request for an evidentiary hearing or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." **_Commonwealth v. Sandusky_**, 324 A.3d 551, 564 (Pa. Super. 2024) (citation omitted). "The PCRA court may dismiss a petition without conducting an evidentiary hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post[-]conviction collateral relief, and no legitimate purpose would be served by any further proceedings." **_Id._** (citation omitted).

As our discussion above reflects, Howard's PCRA petition was untimely filed and no exception to the timeliness requirement applies. Thus, he has presented no genuine issues of material fact or legitimate purpose that would be served by an evidentiary hearing. Therefore, the PCRA court did not abuse its discretion in dismissing Howard's petition without a hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/12/2025</u>