J-S56039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEWIS BENTLEY | : | |
| | : | |
| Appellant | : | No. 713 EDA 2020 |

Appeal from the PCRA Order Entered February 7, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0408841-2006,
CP-51-CR-0807031-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEWIS BENTLEY | : | |
| | : | |
| Appellant | : | No. 714 EDA 2020 |

Appeal from the PCRA Order Entered February 7, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0408841-2006,
CP-51-CR-0807031-2006

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:           **FILED:  DECEMBER 31, 2020**

Lewis Bentley (Bentley) appeals from the February 7, 2020 order of the

Court of Common Pleas of Philadelphia County (PCRA court) dismissing his

_____

[*] Retired Senior Judge assigned to the Superior Court.

third petition pursuant to the Post-Conviction Relief Act[1] as untimely. We affirm.

In 2007, Bentley was convicted in the above-captioned cases of murder, aggravated assault and related offenses. The convictions arose from two shootings over the course of several days. On February 15, 2008, he was sentenced to an aggregate term of life imprisonment followed by 5 to 10 years' imprisonment. This court affirmed the judgment of sentence on October 2, 2009, and on March 16, 2010, our Supreme Court denied *allocatur*. *Commonwealth v. Bentley*, 2127 EDA 2008 (Pa. Super. Oct. 2, 2009) (unpublished memorandum), *allocatur denied*, 653 EAL 2009 (Pa. March 16, 2010). Bentley did not seek review by the United States Supreme Court.

Bentley filed a timely first PCRA petition on March 2, 2011. The PCRA court dismissed the petition without a hearing on March 8, 2013. This court affirmed the dismissal and Bentley did not seek further review. *Commonwealth v. Bentley*, 831 EDA 2013 (Pa. Super. March 14, 2014) (unpublished memorandum). Bentley filed a second petition on August 16, 2017, which the PCRA court again dismissed without a hearing. On August 28, 2018, this court affirmed. *Commonwealth v. Bentley*, 3970 EDA 2017 (Pa. Super. Aug. 28, 2018) (unpublished memorandum). We held that

_____

[1] 42 Pa.C.S. §§ 9541-9546.

Bentley had properly pled and proven an exception to the PCRA's jurisdictional time-bar, but that his claim for relief was meritless. *Id.* at *4.

Bentley filed the instant PCRA petition, his third, on May 1, 2019. He did not plead any exception to the PCRA's jurisdictional time-bar in the petition, but rather asserted that this petition was "timely filed" within one year of the date that this court affirmed the denial of his second PCRA petition. *See Pro Se* Petition for Post-Conviction Relief Act, 5/1/2019, at unnumbered 5. In response, the Commonwealth filed a motion to dismiss the petition as untimely. The PCRA court issued a notice of intent to dismiss the petition without a hearing under Pa.R.Crim.P. 907. Bentley then filed a response arguing that his petition was timely because the United States Supreme Court denied *certiorari* in his case on May 21, 2018, and the instant petition was filed within one year of that date. On February 7, 2020, the PCRA court dismissed the petition. Bentley timely appealed and he and the PCRA court have complied with Pa. R.A.P. 1925.[2]

_____

[2] Bentley filed a single appeal containing the two above-captioned docket numbers. On April 9, 2020, this court issued a rule to show cause why the appeals should not be quashed for violation of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018). Bentley filed a response averring that he had been unaware of the **Walker** decision. These cases were consolidated in the lower court for trial and have been considered together during all subsequent proceedings. When the PCRA court dismissed Bentley's petition, it issued an order containing both docket numbers and informing Bentley that he had 30 days to file "**a** Notice of Appeal" from the order. **See** Order, 2/7/2020. Because Bentley was misinformed by the PCRA court that he could file a single notice of appeal for both docket numbers, his non-compliance with **Walker** is

Before considering the merits of the PCRA petition, we must first determine whether the petition is timely in accordance with the PCRA's jurisdictional time-bar.[3] "A PCRA petition, including a second and subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." *Commonwealth v. Graves*, 197 A.3d 1182, 1185 (Pa. Super. 2018) (citation omitted); *see also* 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Because the timeliness requirements of the PCRA are jurisdictional, no court may consider the merits of an untimely petition. *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020).

In his petition and response to the notice of intent to dismiss, Bentley alleged that no exception to the jurisdictional time-bar is necessary because the petition was filed within one year of two dates: August 28, 2018, when

_____

attributable to a breakdown in the operations of the court. *See Commonwealth v. Stansbury*, 219 A.3d 157, 160 (Pa. Super. 2019). Thus, we decline to quash.

[3] When reviewing the denial of a PCRA petition, we consider "whether the PCRA court's determination is supported by the record and free from legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal quotation marks and citation omitted). Whether a PCRA petition is timely filed is a question of law over which our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (citations omitted).

this court affirmed the denial of his second PCRA petition, and May 21, 2018, when the United States Supreme Court denied *certiorari* in his case. This latter date was related to Bentley's petition for *habeas corpus* in federal court. ***See Bentley v. Harlow***, 2016 WL 1020857 (E.D. Pa. March 15, 2016) (unreported memorandum). There, the district court dismissed Bentley's petition without a hearing and declined to issue a certificate of appealability. ***Id.*** at *10. The United States Court of Appeals for the Third Circuit denied his application for a certificate of appealability, and the United States Supreme Court denied *certiorari*. ***Bentley v. Superintendent Albion SCI***, 2017 WL 5256220 (3rd Cir. 2017), *cert. denied*, 138 S. Ct. 2037 (U.S. May 21, 2018) (table).

Both of the dates that Bentley proposes as the date of "final judgment" were, in fact, the conclusion of collateral review, not direct appeal proceedings. The PCRA's one-year timeliness requirement runs from the date that a judgment of sentence becomes final on direct review, not from the conclusion of any collateral proceedings. 42 Pa.C.S. § 9545(b)(3); ***Commonwealth v. Callahan***, 101 A.3d 118, 122 (Pa. Super. 2014) ("In fixing the date upon which a judgment of sentence becomes final, the PCRA does not refer to the conclusion of collateral review or the time for appealing a collateral review determination."). Collateral proceedings in state or federal court do not extend the date on which a judgment of sentence becomes final for PCRA purposes unless those proceedings resulted in reinstating appellate

or trial rights. Bentley's contention that his sentence became final in 2018 is meritless.

As noted *supra*, this court affirmed Bentley's judgment of sentence on October 2, 2009, and on March 16, 2010, our Supreme Court denied *allocatur*. As a result, his sentence became final on June 14, 2010, when the period for seeking further review by the United States Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13 (stating that a petition for writ of *certiorari* must be filed within 90 days after entry of judgment). Bentley's current petition, filed on May 1, 2019, is facially untimely and he must plead and prove one of the exceptions to the PCRA's timeliness requirements. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). As Bentley has failed to plead any exception to the jurisdictional time-bar, his petition is untimely and we lack jurisdiction to consider the merits of his claims.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/20