J-A14028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DANIEL R. WITUCKI | : | |
| | : | |
| Appellant | : | No. 1555 MDA 2021 |

Appeal from the PCRA Order Entered November 3, 2021
In the Court of Common Pleas of Tioga County
Criminal Division at No: CP-59-CR-0000033-1998

BEFORE: BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED: SEPTEMBER 14, 2022**

Appellant, Daniel R. Witucki, appeals *pro se* the order dismissing his petition denying as untimely his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

> In June of 1998, a jury convicted [Appellant] of first-degree murder for fatally shooting the victim three times with a rifle. He was sentenced the same day to a mandatory term of life imprisonment. This Court affirmed his judgment of sentence, and our Supreme Court subsequently denied his petition for allowance of appeal.
>
> In November of 2000, [Appellant] filed his first PCRA petition, *pro se*. Counsel was appointed who filed an amended petition. After a hearing, the PCRA court denied the petition. We affirmed the denial and our Supreme Court denied allowance of appeal. [Appellant] subsequently filed serial unsuccessful petitions for collateral relief in 2012, 2014, and 2016.

_____

[*] Former Justice specially assigned to the Superior Court.

On February 15, 2018, [Appellant] filed a petition for writ of *habeas corpus*. In the petition he alleged he is illegally confined because the sentencing statute for first-degree murder, 18 Pa.C.S. § 1102(a), is void for vagueness and unconstitutional because it only applies to capital cases. He also specifically averred that his claim was not cognizable under the PCRA.

The PCRA court, concluding that [Appellant]'s claim asserted the illegality of his sentence, treated his *habeas* petition as a PCRA petition subject to the PCRA's timeliness provisions. On that basis, the PCRA court determined that [Appellant]'s petition was untimely, and that he had not pled an exception to the time bar. As such, the court issued notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss his petition. After receiving a response from [Appellant], the court dismissed the petition[, his fourth] on June 1, 2018. We affirmed the dismissal.

On March 7, 2019, [Appellant] filed a petition for writ of *habeas corpus*. This time, he again, argued that he is illegally confined based on Section 1102(a) being void for vagueness, but this time contending that the statute does not give fair notice that life imprisonment means life imprisonment means life imprisonment without parole.

The PCRA court dismissed the petition, which it labeled as "essentially a PCRA petition", finding [Witucki] is not entitled to relief because there are no genuine issues of material fact. The court further found the petition to be entirely frivolous. [Appellant timely appealed. We affirmed].

***Commonwealth v. Witucki***, 1498 MDA 2019, unpublished memorandum

(Pa. Super. filed 3/9/2020).[1]

---

[1] On appeal, we found that the issue raised on appeal (*i.e.*, he is illegally confined because the Section 1102(a) is void for vagueness) did not match the issues raised in the 2019 PCRA petition (*i.e.*, Section 1102(a) does not give adequate notice that life imprisonment means life with parole) and concluded that both issues were waived. ***Id.*** at *6.

- 2 -

On July 16, 2021, Appellant filed his latest petition.[2] After filing a notice of intent to dismiss, on November 3, 2021, the PCRA court dismissed Appellant's PCRA petition as untimely. This appeal followed.

In his appeal Appellant argues that the PCRA court erred in denying his "petition to file a post sentence motion nunc pro tunc."[3] In support of his claim, Appellant argues that he was never advised of his post sentence rights by the sentencing court, in particular, he was never told about the timing for filing a post-sentence motion. Before the PCRA court Appellant clarified that in his post-sentence motion Appellant intended to argue that the sentencing statute under which Appellant was sentenced (Section 1102 of the Crimes Code) was unconstitutionally vague.[4]

As noted, the lower court treated Appellant's petition as a PCRA petition. Appellant does not challenge the lower court's determination before us. As

_____

[2] Appellant titled the petition as "petition to file post sentence motion nunc pro tunc," which the PCRA court treated as a PCRA petition. **See** PCRA Court Notice of Intent to Dismiss, 10/1/21, at 1; PCRA Court Supplemental Opinion, 1/7/22, at 1.

[3] The issue for our review reads as follows: "Whether Appellant is entitled to have his Post Sentence Rights Reinstated Nunc Pro Tunc as there was a breakdown in the Court Operation[.] Appellant's Brief at 3.

[4] As noted above, Appellant raised, unsuccessfully, this very same issue in connection with his 2018 and 2019 PCRA petitions.

such, we conclude the lower court properly determined that Appellant's petition was indeed a PCRA petition, and we will review it as such.[5]

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (*overruled on other grounds by* **Commonwealth v. Small**, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008). The timeliness

_____

[5] At any rate, we agree with the PCRA Court's assessment. **See** PCRA Court Notice of Intent to Dismiss, 10/1/21, at 1-2. Indeed, as noted by the PCRA Court, in **Commonwealth v. Moore**, 247 A.3d. 990 (Pa. 2021), our Supreme Court stated that a void for vagueness challenge to Section 1102(a) is cognizable under the PCRA and it is subject to the PCRA requirements. **See id.** at 998.

requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. ***See Commonwealth v. Holmes***, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999)).

It is undisputed the instant petition, which was filed in 2021, is facially untimely.[6] The only question for us to address is whether Appellant pled and proved that he met one of the exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Our review of the record shows that Appellant failed to do so. Indeed, the PCRA court noted that Appellant failed to address in his petition the timeliness of the petition. ***See*** PCRA Court Notice of Intent to Dismiss, 10/01/21, at 6.[7] Accordingly, the lower court found that the petition

---

[6] Appellant's sentence became final on February 22, 2000, upon the expiration of the time to seek review in our Supreme Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113(a). Appellant had one year from February 22, 2000, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). The instant petition, which was filed on July 16, 2021, is facially untimely under the PCRA.

[7] The PCRA court also noted that

> assuming *in arguendo* [Appellant's] "court breakdown" argument – that the trial court failed to advise him of his post-sentence and appellate rights pursuant to Pa.R.Crim.P. 704(C)(3)(a)- constitutes an "interference by government officials" exception pursuant to 42 Pa.C.S.A. § 9545(b)(1)(i), [Appellant] has not proven [the applicability] of this exception.

*(Footnote Continued Next Page)*

was untimely. *Id.* at 8. Similarly, before us, Appellant addresses the merits of his sentencing claim but fails to address the timeliness of his petition.

Because the underlying petition is facially untimely, and Appellant failed to plead and prove the applicability of any exception to the one-year bar,[8] we have no jurisdiction to entertain the merits of this appeal. *See*, *e.g.*, *Commonwealth v. Callahan*, 101 A.3d 118, 123-24 (Pa. Super. 2014) (A court lacks jurisdiction over the merits of an untimely PCRA petition when appellant has failed to plead and prove the applicability of an exception to the

_____

PCRA Court Notice of Intent to Dismiss, 10/1/21, at 6.

[8] The PCRA court also noted that the record belied Appellant's allegation of breakdown in the court process. To this end, the PCRA court noted that Appellant executed an "Acknowledgment" (namely, the "Defendant's Acknowledgment of Post Sentence Procedures for Use Where Defendant is Convicted at Trial"), which was filed on July 1, 1998.

> The Acknowledgment specifically informed [Appellant] of his post-sentence and appellate rights. [Appellant] signed the Acknowledgment indicating that he received a copy of the document, read it, and discussed it thoroughly with his attorney. Notwithstanding the fact that [Appellant] was sentenced on June 24, 1998, and the executed Acknowledgment was filed 7 days later on July 1, 1998. [Appellant] still had until July 6, 1998, and thus, three (3) days to submit a timely post-sentence motion; he elected not to do so. Additionally, [Appellant] had twenty-three (23) days to submit a Notice of Appeal, which he filed timely on July 20, 1998. He did *not* raise the instant void-for-vagueness claim in his direct appeal.

Notice of Intent to Dismiss, 10/1/21, at 6-7 (footnotes omitted; emphasis in original).

- 6 -

timeliness requirement). Accordingly, we affirm the order of the PCRA court dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/14/2022