J-S41038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES BROOKS | : | |
| | : | |
| Appellant | : | No. 3181 EDA 2023 |

Appeal from the PCRA Order Entered November 9, 2023
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005143-2013

BEFORE: MURRAY, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED DECEMBER 19, 2024**

James Brooks ("Brooks") appeals *pro se*, from the order dismissing his petition for a writ of *habeas corpus*. After review, we conclude the court correctly treated Brooks's petition for a writ of *habeas corpus* as an untimely serial petition pursuant to the Post Conviction Relief Act ("PCRA").[1] Accordingly, we affirm.

In December 2013, at a bifurcated trial, a jury convicted Brooks of various weapons offenses, and the trial court convicted him of persons not to possess firearms, possession of a small amount of marijuana, and driving under the influence. In January 2014, the trial court sentenced Brooks to an aggregate term of ten to twenty years in prison. This Court affirmed the judgment of sentence on February 24, 2015. ***See Commonwealth v.***

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

***Brooks***, 120 A.3d 389 (Pa. Super. 2015) (unpublished memorandum). Brooks did not seek leave to appeal to the Pennsylvania Supreme Court.

Brooks subsequently filed two unsuccessful PCRA petitions. In August 2023, Brooks filed the instant petition, which he labeled a petition for a writ of *habeas corpus*. The PCRA court deemed the petition to be a third PCRA petition and issued a Rule 907 notice in September 2023. The PCRA court dismissed the petition as untimely in November 2023. This appeal followed.[2]

On appeal, Brooks raises the following question for our review.

> Whether the PCRA court committed error of law when [it] turned [Brooks's] petition for a writ of *habeas corpus* for violation of [Brooks's] guaranteed and protected substantive due process right and unlawful confinement into a PCRA, and dismissed his petition for writ of *habeas corpus* without a hearing where, the Common Pleas Court of Delaware County . . . conducted an unconstitutional proceeding which caused the unlawful confinement of [Brooks]?

Brooks's Brief 4 (capitalization regularized).

Brooks appeals from the denial of his untimely PCRA petition asserting the Commonwealth introduced perjured testimony. Initially, we conclude the PCRA court was correct to treat Brooks's petition for a writ of *habeas corpus* as a serial PCRA petition. "[I]t is well established that pursuant to Pennsylvania law, the PCRA subsumes the writ of *habeas corpus* unless the claim does not fall within the ambit of the PCRA statute." ***Commonwealth v. Burkett***, 5 A.3d 1260, 1274 (Pa. Super. 2010) (citations omitted). Here,

---

[2] Brooks and the PCRA court complied with Pa.R.A.P. 1925.

Brooks's claim the Commonwealth committed misconduct by using perjured testimony is clearly within the ambit of the PCRA. *See* 42 Pa.C.S.A. §§ 9543(a)(2)(i). Thus, we conclude the court did not err in treating Brooks's filing as a serial PCRA petition.

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id*.

PCRA petitions, including second and subsequent petitions, must be filed within one year of the date an appellant's judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, a court lacks jurisdiction over it. *See Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (courts do not have jurisdiction over an untimely PCRA petition). "Without jurisdiction, we simply do not have the legal

- 3 -

authority to address the substantive claims [in a PCRA petition]." *Commonwealth v. Lewis*, 63 A.3d 1274, 1281 (Pa. Super. 2013).

Brooks's judgment of sentence became final on March 26, 2015, thirty days after this Court affirmed the judgment of sentence and Brooks failed to file a timely petition for leave to appeal with the Pennsylvania Supreme Court. *See* Pa.R.A.P. 1113(a); 42 Pa.C.S.A. § 9545(b)(3). He did not file the instant petition until August 17, 2023. Thus, the petition is untimely. A petitioner may overcome the time-bar if he pleads and proves one of the three statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). *See Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three exceptions are: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012); *see also* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition invoking an exception must be filed within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception, the court is without jurisdiction to review the petition or provide relief. *See Spotz*, 171 A.3d at 676.

Critically, Brooks has not pled or proven an exception to the PCRA's timeliness requirement. *See* 42 Pa.C.S.A. § 9545(b)(1). On appeal, he argues only that the court erred in treating his petition for a writ of *habeas*

*corpus* as a PCRA petition and does not argue he meets any of the PCRA's timeliness exceptions. **See** Brooks's Brief at 1-30.

Brooks's serial PCRA petition is untimely, and like the PCRA court, we lack jurisdiction and "legal authority to address [any] substantive claims." **Lewis**, 63 A.3d at 1281.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2024